Voir Dire                              128

1   
2      MR. KESSLER:  Everyone is treated the same.

3      PROSPECTIVE JUROR:  Okay, fair, no problem

4  with it.

5      MR. KESSLER:  Thank you.  I'll ask everyone

6  for this same assurance.  If you're suppose

7  chosen as jurors in this case you be fair and

8  impartial, that means to both sides, to the

9  People and to the defense.

10      If I prove to you the defendant's guilt

11  beyond a reasonable doubt can everyone here

12  assure me they will be able to return a verdict

13  of guilty?  If I fail to prove the defendant's

14  guilt beyond a reasonable doubt can you return a

15  verdict of not guilty?  Everyone assure me of

16  that as well?  That's all I ask.  Thanks for your

17  time and patience.  I'm concluded with the panel.

18  Thank you.

19      THE COURT:  Mr. Schecter.

20      MR. SCHECTER:  Thank you, your Honor.

21      Good morning.  There's no clock in the

22  courtroom.

23      THE COURT:  Time stands still here.

24      MR. SCHECTER:  Hopefully we will speed along

25  a little bit.  Did everyone hear everything I

Voir Dire                                    129

said yesterday?  I know it was tough sitting out

there.  I'm having a problem here hearing some of

your answers.  I'll try to speak loudly so

hopefully you'll speak loud to me.  At times it

doesn't happen, especially if you're sitting in

the back.

     Up to now -- what was said yesterday and up

to now, anyone have any major problems with the

concepts that have been brought before you?

Okay.  Now, you really haven't had much

information.  Only thing you know about this is

that there was an alleged kidnaping and alleged

rape of a witness or how many witnesses.  That

hasn't been brought out.  Does anyone feel

because of the type of crimes alone that they

can't give my client, Mr. Zheng, a fair trial?

     Start with you, Miss Arrington.  You said

originally you can't be fair and impartial

because of the type of crime, because of the

allegations of rape?

     PROSPECTIVE JUROR 1:  Well, I felt I could be

fair but I was questioning myself whether I could

be impartial being a woman and in a rape case.

     MR. SCHECTER:  If a woman takes the stand in

MB

Voir Dire                    130

this particular matter and she's going to make

certain -- she's going to make certain statements

and I will have to assume that one of those

statements is that Mr. Zheng raped her.

Now, I don't know what else is going to be

said concerning that, just that -- are you going

to feel more sympathetic to that woman and side

more with her because you're a woman?

PROSPECTIVE JUROR 1:  Well, hopefully I would

be able to listen to the facts and make a

determination on what the evidence was.

MR. SCHECTER:  Well, unfortunately, in a

Court of Law where my client is accused of a

crime hopefully may not be good enough.  So can

you definitively state that you would not side

with her, you would just listen to what she said,

make your evaluation based on what she says.  Can

you give me a definite yes on that?

PROSPECTIVE JUROR:  Yes.

MR. SCHECTER:  And if my client does not

testify would you hold that against him?

PROSPECTIVE JUROR 1:  No.

MR. SCHECTER:  You don't feel you have to

hear both sides?

1              Voir Dire                    131

2         PROSPECTIVE JUROR:  No.

3         MR. SCHECTER:  You'll listen to the evidence

4    and make your decision based on the evidence or

5    lack of evidence?

6         PROSPECTIVE JUROR:  Yes.

7         MR. SCHECTER:  If her testimony is not

8    credible and believable because there are certain

9    gaps, or whatever, and there are certain other

10   doubts you have, would you have any problem

11   standing up and saying you have a reasonable

12   doubt?

13        PROSPECTIVE JUROR:  No, I would have no

14   problem.

15        MR. SCHECTER:  Miss Hanley, excuse me.

16        PROSPECTIVE JUROR 2:  Close.

17        MR. SCHECTER:  You've been the victim of a

18   crime, some member of your family, I believe you

19   said?

20        PROSPECTIVE JUROR 2:  Uh-hum.

21        MR. SCHECTER:  Was that you or a member of

22   your family?

23        PROSPECTIVE JUROR 2:  They weren't actually

24   to a person, there were several car thefts,

25   breaking into garages, that type of thing.

Voir Dire                                    132

MR. SCHECTER:  Anything happen in any of those incidents that would make you feel that you could not give my client a fair trial?

PROSPECTIVE JUROR 2:  No, not with any of those incidents.  No.

MR. SCHECTER:  Now, you said that -- now, the Judge will instruct you I don't have any burden whatsoever.  The People must prove him guilty beyond a reasonable doubt of each crime, each element of each crime.  In fact, if there are twenty elements of one crime and you believe that the People have proven him guilty of 19 of those twenty elements, but one of those elements you have a reasonable doubt, your verdict as to that count must be not guilty; do you realize that?

PROSPECTIVE JUROR 2:  Uh-hum.

MR. SCHECTER:  Now -- and that's why the verdict is not guilty, or innocent.  It's guilty or not guilty.  So, we don't have any burden.  I would have to prove someone innocent, but that's not my burden.  Here they have to prove him guilty.  Now, you said -- and under our law Mr. Zheng doesn't have any obligation to take the witness stand or call any witnesses.

1                          Voir Dire

2          PROSPECTIVE JUROR 2:  I know that.

3          MR. SCHECTER:  And -- but you did say that

4     there would be some unfinished business, I

5     believe, was your wording?

6          PROSPECTIVE JUROR:  Just having a curious

7     nature.

8          THE COURT:  There's a lot of curious people.

9          MR. SCHECTER:  If he does not take the

10    witness stand will you hold it against him?

11         PROSPECTIVE JUROR 2:  No.

12         MR. SCHECTER:  If we don't call any witnesses

13    are you going to hold it against him?

14         PROSPECTIVE JUROR 2:  No.

15         MR. SCHECTER:  And you're going to base your

16    decision on what you hear or what you don't hear

17    here?

18         PROSPECTIVE JUROR 2:  Correct.

19         MR. SCHECTER:  You can give him a fair and

20    impartial jury even if we don't call any

21    witnesses?

22         PROSPECTIVE JUROR 2:  I believe so.

23         MR. SCHECTER:  And the type crime of rape,

24    you would not make -- you wouldn't side with the

25    woman or would you?

1

2       PROSPECTIVE JUROR 2:   It bothers me.

3        MR. SCHECTER:   Well?

4       PROSPECTIVE JUROR 2:   I mean, I'm sure it

5   would bother most any woman.

6       MR. SCHECTER:   If she comes in here and

7   testifies about something, are you going to say,

8   I'm going to cut her more slack because of the

9   type of crime?

10      PROSPECTIVE JUROR:   I hope not.   I hope I'm

11  more reasonable than that.   It's hard to say.

12      MR. SCHECTER:   I agree with you but,

13  unfortunately, in the criminal justice system

14  hope is not good enough.   You have to be able to

15  tell me definitively you will not cut her anymore

16  slack, you'll listen to her like anyone else; can

17  you do that?

18      PROSPECTIVE JUROR 2:   I guess I can, yeah.

19      MR. SCHECTER:   Thank you.

20      PROSPECTIVE JUROR:   Welcome.

21      MR. SCHECTER:   Miss Dimisa, do you think my

22  client should have any burden to prove anything?

23      PROSPECTIVE JUROR 3:   No.

24      MR. SCHECTER:   Doesn't have to call any

25  witness.   You have friends who are police

Voir Dire                                          135

1
2      officers in law enforcement?

3          PROSPECTIVE JUROR 3:  Yes.

4          MR. SCHECTER:  Who are they?

5          PROSPECTIVE JUROR 3:  Mother's current

6      boyfriend is a retired detective.

7          MR. SCHECTER:  Is that the only one?

8          PROSPECTIVE JUROR 3:  Yes.

9          MR. SCHECTER:  Has he ever discussed with you

10     his work?

11         PROSPECTIVE JUROR:  Yes.

12         MR. SCHECTER:  Has he made his feelings known

13     about the criminal justice system?

14         PROSPECTIVE JUROR 3:  No.  That's where my

15     father comes in.  My father is a criminal

16     attorney.

17         MR. SCHECTER:  Okay.  Based on those two

18     things, whatever your father told you and

19     whatever your mother's boyfriend has told you,

20     can you put everything aside and listen to the

21     facts based on what you hear here?

22         PROSPECTIVE JUROR 3:  I think for the most

23     part I can.  I know it's not a definite answer.

24     I had a lot of background in it.

25         MR. SCHECTER:  I don't know what your father

Case 1:16-cv-01166-RJD Document 8-5 Filed 11/30/16 Page 9 of 140 PageID #: 746

had told you or your mother's boyfriend told you.
You won't speak to -- if selected as a juror you
are not going to go speak to them and even if
you're selected -- if you go out on Sunday with
your father he'll ask what have you been doing
the last week sitting on a criminal trial. He'll
ask you what it's about. You'll tell him I can't
tell you; is that correct?

PROSPECTIVE JUROR: Yes.

MR. SCHECTER: Where does he practice?

PROSPECTIVE JUROR 3: He has practiced in
this area. I'm -- he's retired right now. He
just recently stopped.

MR. SCHECTER: Okay. And when you say you'd
be fair and impartial you gave an equivocal, yes,
I believe.

PROSPECTIVE JUROR: Yeah, because one of my
friends was raped.

MR. SCHECTER: Someone takes the witness
stand and says she was raped, will you side more
with her because what happened to your friend?

PROSPECTIVE JUROR: I can't give a definite
answer because I think I might.

MR. SCHECTER: Thank you. Miss Delamata,

1              Voir Dire                    137

2     you're told I don't have any burden.  The

3     indictment is only an accusation, but you say if

4     Mr. Zheng is here he must have done something,

5     right?

6          PROSPECTIVE JUROR 4:   Yes.

7          MR. SCHECTER:  So, do you feel you would side

8     more with the prosecution based on him being

9     accused of a crime?

10         PROSPECTIVE JUROR 4:   No.

11         MR. SCHECTER:  Let me ask you something:

12    Knowing what you're feeling, do you think you'd

13    be fair and impartial?

14         PROSPECTIVE JUROR 4:   Yes.

15         MR. HAGGERTY:  Even though you feel he must

16    have done something or something must have

17    happened?

18         PROSPECTIVE JUROR:  Yes.

19         MR. SCHECTER:  Do you believe the police can

20    arrest the wrong person?

21         PROSPECTIVE JUROR:  Sometimes you hear in the

22    news and things are wrong.

23         MR. SCHECTER:  What's your feeling?  You know

24    in a baseball game you have three strikes against

25    you, right?  Now, as my client is sitting as a

defendant in a case, does he have one strike

against him at this time?

PROSPECTIVE JUROR:  I don't know nothing

about baseball.

MR. SCHECTER:  Do you know anything about any

sport?

PROSPECTIVE JUROR:  Basketball.

MR. SCHECTER:  Okay.  Normally when the game

begins the score is zero?

PROSPECTIVE JUROR:  Yes.

MR. SCHECTER:  Because my client is accused

of a crime do you think that the District

Attorney's office has a little edge at this time?

PROSPECTIVE JUROR 4:  Yes.

MR. SCHECTER:  Yes?

PROSPECTIVE JUROR 4:  Yes.

MR. SCHECTER:  Thank you.

Miss Serrano, you have members who are

attorneys and in law enforcement?

PROSPECTIVE JUROR 5:  My father is a retired

New York City police officer and my brother is a

correction officer.

MR. SCHECTER:  Have they ever discussed their

work with you?

1                    Voir Dire                    139

2          PROSPECTIVE JUROR 5:  Yes.

3          MR. SCHECTER:  Thank you.  Mr. Lynch -- Miss

4     Teng, you said you have problem with the English

5     language?

6          PROSPECTIVE JUROR 6:  Yes.

7          MR. SCHECTER:  Mr. Lynch, you say you have to

8     hear both sides of the story?  Ideally you do.

9     But in our criminal justice system you don't or

10    you may not.  If my client doesn't take the

11    witness stand will you hold that against him?

12         PROSPECTIVE JUROR 7:  No.

13         MR. SCHECTER:  If we don't call any witness

14    you won't hold it against him, will you?

15         PROSPECTIVE JUROR 7:  No.

16         MR. SCHECTER:  You'll listen to the evidence,

17    make a decision based on what you hear and what

18    you don't hear?

19         PROSPECTIVE JUROR 7:  What I do hear.

20         MR. SCHECTER:  And if something is missing

21    from that testimony then would you have any

22    problem standing up and saying not guilty?

23         PROSPECTIVE JUROR 7:  Possible.

24         MR. SCHECTER:  In other words, if -- if you

25    don't believe the District Attorney has proven my

client guilty beyond a reasonable doubt would you

have any problem standing up and saying not

guilty?

PROSPECTIVE JUROR 7:  Yes.

MR. SCHECTER:  You would have a problem with

that?

PROSPECTIVE JUROR 7:  No problem -- I mean, I

have difficulty thinking he's not guilty.

MR. SCHECTER:  If the People failed to prove

him guilty beyond a reasonable doubt, would you

have any problem about standing up and saying not

guilty?

PROSPECTIVE JUROR 7:  No.

MR. SCHECTER:  Thank you.  Miss Dookwah?

PROSPECTIVE JUROR 10:  Yes?

MR. SCHECTER:  Your husband is a security

officer?

PROSPECTIVE JUROR:  Yes.

MR. SCHECTER:  Who does he work for?

PROSPECTIVE JUROR:  Chrysler Building.

MR. HAGGERTY:  Has he ever arrested anyone?

PROSPECTIVE JUROR 10:  No.

MR. SCHECTER:  Has he ever been in law

enforcement?

1                           Voir Dire                    141

2              PROSPECTIVE JUROR:  No.

3              MR. SCHECTER:  You said you know judges or

4       attorneys?

5              PROSPECTIVE JUROR 10:  Yes.

6              MR. SCHECTER:  You are not going to speak to

7       them?

8              PROSPECTIVE JUROR:  No.

9              MR. SCHECTER:  Any reason why you can't be

10      fair and impartial?

11             PROSPECTIVE JUROR:  No.

12             MR. SCHECTER:  If my client doesn't take the

13      witness stand or call any witnesses will you hold

14      that against him?

15             PROSPECTIVE JUROR 10:  No.

16             MR. SCHECTER:  The type of crime we are

17      dealing with, that won't effect you?

18             PROSPECTIVE JUROR 10:  No.

19             MR. SCHECTER:  In the context of everything?

20             PROSPECTIVE JUROR 10:  No.

21             MR. SCHECTER:  If you don't believe the

22      People have sustained their burden any problem

23      standing up and saying not guilty?

24             PROSPECTIVE JUROR 10:  No.

25             MR. SCHECTER:  Miss Sherman who's in law

1

2  enforcement?

3      PROSPECTIVE JUROR 11:  My brother-in-law'S

4  brother is a cop.

5      MR. SCHECTER:  Normally brother-in-law's

6  brother normally you don't see them that often?

7      PROSPECTIVE JUROR:  Two or three times a

8  year.

9      MR. SCHECTER:  He hasn't discussed his work

10  with you?

11      PROSPECTIVE JUROR:  Sometimes.

12      MR. HAGGERTY:  That won't affect you one way

13  or the other?

14      PROSPECTIVE JUROR 11:  No.

15      MR. SCHECTER:  Thank you.  Who's the

16  attorneys?

17      PROSPECTIVE JUROR:  I have a sister-in-law

18  and my husband's friend.  None with criminal.

19      MR. SCHECTER:  That won't affect you?

20      PROSPECTIVE JUROR 11:  No.

21      MR. SCHECTER:  Any of the concepts I said up

22  to now going to make you feel you can't give my

23  client a fair trial?

24      PROSPECTIVE JUROR 11:  No.

25      MR. SCHECTER:  You have been the victim of a

Voir Dire                          143

crime?

PROSPECTIVE JUROR 11:  My mother has.

MR. SCHECTER:  What type of crime?

PROSPECTIVE JUROR 11:  The place she was

working at, she was leaving work, she was taking

as hostage at gunpoint until she gave over the

money.

MR. SCHECTER:  This is a kidnaping case.

Will this affect you?

PROSPECTIVE JUROR 11:  It shouldn't.

MR. SCHECTER:  How long ago was that?

PROSPECTIVE JUROR 11:  Fifteen years ago.

MR. SCHECTER:  You won't hold it against my

client?

PROSPECTIVE JUROR 11:  No.

MR. SCHECTER:  You have to tell me it won't

affect you?

PROSPECTIVE JUROR 11:  No.

MR. SCHECTER:  Thank you.  Miss Diazvilla?

PROSPECTIVE JUROR 12:  Yes?

MR. SCHECTER:  I'm sorry.  When you were

questioned originally you said you couldn't be

fair and impartial; am I correct?

PROSPECTIVE JUROR 12:  Yes.

1        Voir Dire      144

2    MR. SCHECTER:  Because of the type of crime?

3    PROSPECTIVE JUROR 12:  Yeah.

4    MR. SCHECTER:  Miss Harris, you're a 9-1-1

5 operator?

6    PROSPECTIVE JUROR 13:  Yes.

7    MR. SCHECTER:  You're the one who gets the

8 calls and dispatches them to the local police?

9    PROSPECTIVE JUROR 13:  To the radio dispatch.

10    MR. SCHECTER:  Your the one who gets the

11 original call?

12    PROSPECTIVE JUROR 13:  Yes.

13    MR. SCHECTER:  You're a civilian worker with

14 the police department?

15    PROSPECTIVE JUROR 13:  Yes.

16    MR. SCHECTER:  Anything in that job why you

17 couldn't be fair?

18    PROSPECTIVE JUROR 13:  I have no problem.

19    MR. SCHECTER:  You did say you have to hear

20 both sides?

21    PROSPECTIVE JUROR 13:  Yes, I have to hear

22 both sides in the evidence.

23    MR. SCHECTER:  If my client doesn't take the

24 witness stand, he doesn't have any burden to,

25 will you then not give him a fair trial?

MB

| | | |
|---|---|---|
| 1 | Voir Dire | 145 |

2          PROSPECTIVE JUROR:  I have no problem with

3      that.

4          MR. SCHECTER:  But you're not going to

5      hear --

6          PROSPECTIVE JUROR:  If I just hear one side?

7          MR. SCHECTER:  Yes.

8          PROSPECTIVE JUROR:  With the evidence?

9          MR. SCHECTER:  Yes.

10          PROSPECTIVE JUROR:  I have to go by that, one

11      side and the evidence.

12          MR. SCHECTER:  Just because I don't call any

13      witnesses or my client doesn't take the stand at

14      this moment, I don't know, will you say since he

15      didn't take the stand, I'm going to find him

16      guilty?

17          PROSPECTIVE JUROR:  No.  I'm going to have to

18      hear the evidence from the other party.

19          MR. SCHECTER:  Whatever evidence there is.

20      If that evidence is sufficient, if there are

21      holes or inconsistencies or if you have a

22      reasonable doubt, you have no problem standing up

23      and saying not guilty if we don't call any

24      witness?

25          PROSPECTIVE JUROR 13:  I have no doubt if I

Case 1:16-cv-01166-RJD  Document 8-5  Filed 11/30/16  Page 19 of 140 PageID #: 756

1

2       get evidence from that one party.

3          MR. SCHECTER:  What I'm saying is, if that

4       evidence is not sufficient beyond a reasonable

5       doubt, we don't call any witnesses, would you

6       have any problem about standing up and saying not

7       guilty?

8          PROSPECTIVE JUROR 13:  No problem at all.

9          MR. HAGGERTY:  Okay.  Thank you, Miss Harris.

10      Mr. Wilson, anything you heard up to now makes

11      you feel you want to tell me anything?

12         PROSPECTIVE JUROR 14:  No.

13         MR. SCHECTER:  Have a problem if I don't ask

14      you any questions?

15         PROSPECTIVE JUROR 14:  No.

16         MR. SCHECTER:  Mr. Spardel, you were the

17      victim of a crime?

18         PROSPECTIVE JUROR 15:  I have.

19         MR. SCHECTER:  What type of crime?

20         PROSPECTIVE JUROR:  Mugged, car stolen.

21         MR. SCHECTER:  Anyone ever apprehended?

22         PROSPECTIVE JUROR 15:  No.

23         MR. SCHECTER:  Make you feel more siding with

24      the District Attorney's office?

25         PROSPECTIVE JUROR 15:  No.

1

2          MR. SCHECTER:  Give my client a fair trial?

3          PROSPECTIVE JUROR 15:  I think so.

4          MR. SCHECTER:  Anyone here ever testified in

5    Court?  Mr. Nealon?

6          PROSPECTIVE JUROR 9:  I testified in an

7    assault charge, a close friend of mine.

8          MR. SCHECTER:  And, Miss Serrano, what type

9    of case?

10          PROSPECTIVE JUROR 5:  Robbery.

11          MR. SCHECTER:  Were you robbed?

12          PROSPECTIVE JUROR 5:  No, my neighbor was

13    robbed.

14          MR. SCHECTER:  Anything about that would make

15    you feel you would side more -- withdrawn.

16          Anyone watch Court T.V.?  Anyone have

17    anything you want to tell me that hasn't been

18    brought out yet?

19          PROSPECTIVE JUROR 12:  I am the victim of

20    domestic violence and that includes rape.

21          MR. SCHECTER:  Thank you.  Nothing further.

22          THE COURT:  Consult.  When your you're both

23    ready step inside.  Excuse us for a few moments.

24          (Whereupon, the following takes place in the

25    robing room outside the presence of the defendant

Voir Dire                                    148

and the prospective jurors:)

COURT CLERK: Second set of challenges in the case of People versus Zheng Hai, 3282-95. As we have four picked we are looking for eight more. First eight, Arrington through Jassal, J-a-s-s-a-l. Any challenges for cause by the people, one through eight?

MR. KESSLER: Yeah, juror eight. Mr. Jassal indicated he has a religious problem.

THE COURT: I'll allow it.

MR. SCHECTER: No objection.

MR. KESSLER: Juror six, Miss Teng. Under the strange beliefs she saw the defendant in the newspaper on a different case. I'll consent to Miss Teng.

COURT CLERK: Any objections?

MR. SCHECTER: No.

MR. KESSLER: Juror 5. Miss Serrano thinks all lawyers are evil. I'll consent to her.

THE COURT: That's her perception.

MR. SCHECTER: No objection. We don't want her to do anything during this trial.

THE COURT: Okay.

MR. KESSLER: Miss Delamata. She indicated

1

2    even though she could be fair she thinks the

3    score is unfair.

4             MR. SCHECTER:  No objection.

5             THE COURT:  Excused.

6             MR. KESSLER I think that's it.

7             THE COURT:  Challenges by the defense?

8             MR. SCHECTER:  Number three, Miss Dimisa.

9    She said she couldn't be fair and impartial.

10            THE COURT:  All right.  Any objection?

11            MR. KESSLER:  To me she seemed like a pretty

12   fair person.

13            THE COURT:  She might be pretty fair.  She

14   did say that, you know.

15            MR. SCHECTER:  That's it for the first eight.

16            THE COURT:  Perempt by the people, Arrington,

17   Hanley or Lynch?

18            MR. KESSLER:  Arrington is fine.  Hanley is

19   fine and Mr. Lynch is okay.

20            THE COURT:  By defense?

21            MR. SCHECTER:  Number two, just Miss Hanley.

22            COURT CLERK:  Defense used four perempts at

23   this time.

24            THE COURT:  That gives us juror 5, Cheryl

25   Arrinton and juror six, Jerome Lynch.  As we have

Voir Dire                                      150

2    six jurors.  The next six, Nealon through Wilson.

3         Cause, people?

4         MR. KESSLER:  Jurors 9 and ten, Mr. Nealon

5    and Miss Dookway.  Those where the only two

6    people who had a problem convicting solely upon

7    the testimony of one witness, no matter how hard

8    I tried to rehabilitate them.

9         MR. SCHECTER:  No objection.

10        THE COURT:  Okay.

11        MR. KESSLER:  I'm sorry, and Miss Diazvilla.

12   I forgot her.  She indicated she couldn't be

13   fair.  I think she was a victim of domestic

14   violence.

15        THE COURT:  She said she couldn't be a fair

16   juror.  She was very vehement.

17        MR. SCHECTER:  No objection.

18        THE COURT:  She softened up a little bit.

19        Any objection?

20        MR. SCHECTER:  No.

21        THE COURT:  Anybody else?

22        MR. KESSLER:  As nine through fourteen for

23   cause, no.

24        THE COURT:  Defense?

25        MR. SCHECTER:  No.

```
 1                          Voir Dire                    151

 2              THE COURT:  Perempts, people?

 3              MR. KESSLER:  Mr. Wilson I perempt.

 4              THE COURT:  People used two perempts.

 5              Perempts by defense?

 6              MR. SCHECTER:  Miss Sherman.

 7              COURT CLERK:  Defense used five perempts.

 8              Karen Harris is juror seven.  Last two

 9         jurors, Spardel and Hsieh, challenges cause,

10         people?

11              MR. KESSLER:  I wrote cause sixteen but I

12         forgot why.

13              MR. SCHECTER:  She said she can't be fair to

14         him.

15              THE COURT:  Which juror?

16              MR. KESSLER:  The last one.

17              MR. SCHECTER:  She came up on the side bar.

18              THE COURT:  She gave a lot of reasons why.

19              MR. KESSLER:  I forgot we had so many for

20         cause.

21              THE COURT:  She said she was robbed.  She had

22         all that asthma paraphernalia.

23              MR. SCHECTER:  Among other things, plus a

24         robbery.

25              THE COURT:  She gave us the kicker.
```

|   |   |   |
|---|---|---|
| 1 | Voir Dire | 152 |

2      Any objection by defense?

3      MR. SCHECTER:  No.

4      THE COURT:  Cause at this time for juror

5   Spardel?

6      MR. SCHECTER:  No.

7      THE COURT:  Perempt, people?

8      MR. KESSLER:  No.

9      MR. SCHECTER:  He's fine.

10      COURT CLERK:  Juror eight will be Christopher

11   Spardel.

12      (The following occurs in open court:)

13      COURT CLERK:  Cheryl Arrington, Jerome Lynch,

14   Karen Harris and Christopher Spardel.  If I

15   called your name remain seated.  If I did not

16   call your name, with the thanks of the Court,

17   take your belongings and return back to central

18   jury on the other side.

19      COURT CLERK:  Remaining four jurors

20   satisfactory to both sides?

21      MR. KESSLER:  Yes.

22      MR. SCHECTER:  Yes, your Honor.

23      COURT CLERK:  Jurors in the box, stand up a

24   moment.

25      (Whereupon, four jurors were duly sworn by

1                        Voir Dire                   153

2     the Clerk of the Court)

3          COURT CLERK:  Sit in the first row.

4          THE COURT:  Fill the box.

5          COURT CLERK:  Certainly.  If you hear your

6     name answer here.  If I mispronounce your name

7     please correct me.

8         First seat goes to Linda Fontana,

9     F-o-n-t-a-n-a, first name, Linda.

10        THE COURT:  Ladies and gentlemen, as you go

11    in the box you'll be handed out a questionnaire.

12    Familiarize yourself with it.  When your turn

13    comes you'll be able to answer the questions

14    quickly.

15        COURT CLERK:  Christine Hicks, H-i-c-k-s,

16    C-h-r-i-s-t-i-n-e, first name.  Seat three,

17    Jacqueline Rebatta, R-e-b-a-t-t-a.  Diane Reilly,

18    R-e-i-l-l-y, first name Dianne.  Sophia Lee,

19    L-e-e, first name is S-o-p-h-i-a.  Lisa

20    Demarinis, D-e-m-a-r-i-n-i-s, first name Lisa,

21    L-i-s-a.  Ruth Kinneary, K-i-n-n-e-a-r-y, first

22    name Ruth, R-u-t-h.  Melvin Bears, B-e-a-r-s,

23    M-e-l-v-i-n first name.  Kim Rego, R-e-g-o.

24    First name, K-i-m.  Clothilde Carter,

25        A PROSPECTIVE JUROR:  It's Clothilde.

Case 1:16-cv-01166-RJD Document 8-5 Filed 11/30/16 Page 27 of 140 PageID #: 764

1

2    COURT CLERK: C-a-r-t-e-r. First name

3    C-l-o-t-h-i-l-d-e. Joseph Mizzi, M-i-z-z-i.

4    Anna Campoverde, C-a-m-p-o-v-e-r-d-e, first name

5    A-n-n-a. Martin Cafferky, C-a-f-f-e-r-k-y.

6    M-a-r-t-i-n, first name. Amelia Foglia,

7    F-o-g-l-i-a. First name A-m-e-l-i-a. Ruth

8    Noonan, N-o-o-n-a, first name R-u-t-h. Last

9    seat, Maneul Alvarez, Alvarez. First name

10   M-a-n-u-e-l.

11   THE COURT: Ladies and gentlemen, as the

12   other prospective jurors have answered the

13   questions, I appreciate the rest of you would

14   familiarize yourself with the questions so that

15   you can prepare your answer and when your turn

16   comes you can give us the answers as the other

17   jurors did. So, as I told the other jurors, the

18   first six questions require a specific answer.

19   The others yes or no, if appropriate.

20   Start with you, ma'am.

21   PROSPECTIVE JUROR 1: One, 49. Two,

22   Flushing, Queens. Three, I'm a teacher. Four,

23   married. Five, Bachelors, degree plus. Six, my

24   spouse is a paper cutter and my daughter goes to

25   college. Seven, yes, two years ago, criminal

|  |  |
|---|---|
| 1 | Voir Dire                               155 |

2    case.  Eight, yes.  Nine, no.  Ten, no.  Eleven,

3    no.  Twelve, no.  Thirteen, no.  Fourteen, no.

4    Fifteen, no.  Sixteen, no.

5         THE COURT:  Thank you.

6         PROSPECTIVE JUROR 2:  One, thirty seven.

7    Two, Sunnyside, Queens.  Three, purchasing.

8    Four, divorced.  Five, Bachelors plus.  Six, not

9    applicable.  Seven, no.  Eight, yes.  Nine, no.

10   Ten, no.  Eleven, yes.  Twelve, no.  Thirteen,

11   no.  Fourteen, yes, Air Force.  Fifteen, no.

12   Sixteen, yes.

13        THE COURT:  Thank you.

14        PROSPECTIVE JUROR 3:  One, thirty.  Two,

15   Hollis, Queens.  Three, manager for corporate

16   travel agency.  Four, married.  Five, two years

17   of college.  Six, computer engineer plus he works

18   for the city.  Seven, no.  Eight, yes.  Nine,

19   yes.  Ten, yes.  Eleven yes.  Twelve, no.

20   Thirteen, no.  Fourteen, no.  Fifteen, no and

21   sixteen, yes.

22        THE COURT:  Next.

23        PROSPECTIVE JUROR 4:  One, forty five.  Two,

24   Flushing, Queens.  Three, I'm a nurse.  Four,

25   married.  Five, Bachelors.  Six, my husband is a

1                              Voir Dire                      156

2          nurse and I have three children in school; one

3          works in a hospital.  Seven, no.  Eight, no.

4          Nine, no.  Ten, no.  Eleven, no.  Twelve, no.

5          Thirteen, no.  Fourteen, no.  Fifteen, no.

6          Sixteen, no.

7              THE COURT:  Next.

8              PROSPECTIVE JUROR 5:  One, 22.  Two,

9          Douglaston.  Three, recent college graduate

10         preparing for law school.  Four, single.  Five,

11         four years of college.  Six, not applicable.

12         Seven, no.  Eight, no.  Nine, no.  Ten, no.

13         Eleven, no.  Twelve, no.  Thirteen, no.

14         Fourteen, no.  Fifteen, no.  Sixteen, yes.

15             PROSPECTIVE JUROR 6:  One, 29.  Two, Little

16         Neck, Queens.  Three, teacher.  Four, married.

17         Five graduate degree.  Six, my husband is a naval

18         lieutenant and he works for the Army Corp. of

19         engineers.  No children.  Seven, I was a witness

20         few weeks ago on a case.  Eight, yes.  Nine, yes.

21         Ten, no.  Eleven, yes.  Twelve no.  Thirteen,

22         possibly.  Fourteen, no.  Fifteen, no.  Sixteen,

23         no.

24             PROSPECTIVE JUROR 7:  Number one, sixty

25         eight.  Two, Broad Channel, Queens.  Three,

Voir Dire                                      157

retired secretary.  Four, married.  Five, high
school graduate.  Six, retired; my husband is
retired.  I have two children.  Son is a cop,
daughter housewife.  Seven, yes, about ten years
ago, malpractice case.  Eight, yes.  Nine, yes.
Ten, no.  Eleven, no.  Twelve, no.  Thirteen, no.
Fourteen, no.  Fifteen, no.  Sixteen, I'm
undecided.

THE COURT:  We will pursue that.  Thank you.

PROSPECTIVE JUROR 8:  One, twenty eight.
Two, Jamaica.  Three, I'm a photo re-toucher.
Four, single.  Five, three years college.  Six,
unapplicable.  Seven, no.  Eight, no.  Nine, yes.
Ten, yes.  Eleven, no.  Twelve, no.  Thirteen,
no.  Fourteen, no.  Fifteen, no.  Sixteen, no.

THE COURT:  Thank you.  Next.

PROSEPCTIVE JUROR 9:  One, twenty five.  Two,
Middle Village, Queens.  Three, I work for motion
picture distribution.  Four, single.  Five, high
school.  Six, doesn't apply.  Seven, no.  Eight,
yes.  Nine, no.  Ten, yes -- ten, no.  I'm sorry.
Eleven, yes.  Twelve, no.  Thirteen, no.
Fourteen, no.  Fifteen, no.  Sixteen, no.

THE COURT:  Thank you.

1            Voir Dire                    158

2         PROSPECTIVE JUROR 10:  Number one, forty two.

3    Two, Far Rockaway, Queens.  Three, I work on a

4    temporary basis as a secretary.  Four, married.

5    Five, two-year Associate Degree.  Six, mechanic.

6    Two children in college.  No, number seven.  No,

7    number eight.  No, nine.  No, ten.  No, eleven

8    Yes, twelve.  No, thirteen.  No, fourteen.  No,

9    fifteen.  No, number sixteen.  Possibly, I don't

10   know.

11        THE COURT:  Thank you.

12        PROSPECTIVE JUROR 11:  Two, Maspeth.  Three,

13   mechanic, Port Authority, New Jersey.  Four,

14   married.  Separated, five.  High school diploma.

15   Port Authority trade school, completed.  Number

16   six, UPS.  No children involved.  Seven, no.

17   Eight, no.  Nine, no.  Ten, yes.  Eleven, yes.

18   Twelve, no.  Thirteen, no.  Fourteen, no.

19   Fifteen, no.  Sixteen, yes.

20        PROSPECTIVE JUROR 12:  One, 31.  Two,

21   Ridgewood, Queens.  Three, I'm a case worker for

22   HRA.  Four, married.  Five, year and-a-half

23   college.  Six, husband is a chef.  Seven, no.

24   Eight, yes.  Nine, no.  Ten, yes.  Eleven, no.

25   Twelve -- I'm sorry, number ten, no.  Number

Voir Dire                                    159

eleven, yes.  Number twelve, no.  Number

thirteen, no.  Number fourteen, no.  Number

fifteen, no.  Sixteen, no.

PROSPECTIVE JUROR 13:  One, 55.  Flushing,

Queens.

THE COURT:  The number of the question,

please.

PROSPECTIVE JUROR 13:  One, 55.  Two,

Flushing, Queens.  Three, self-employed

carpenter.  Four, not married.  Number five, high

school.  Doesn't apply, number six.  Number

seven, no.  Number eight, no.  Number nine, yes.

Number ten, no.  Eleven, no.  Twelve, no.

Thirteen, no.  Number fourteen, yes, army.

Fifteen, yes.  Number sixteen, yes.

PROSPECTIVE JUROR 14:  Fifty --

THE COURT:  Excuse me.  Please, just a

moment.  You have to speak louder and you have to

stop talking with the interpreter.  It's like

stereophonic sound.

PROSPECTIVE JUROR 14:  One, fifty.  Two,

Howard Beach.  Three, housewife.  Four, married.

Five, one-year high school.  Six, husband is a

painter.  Seven, no.  Eight, no.  Nine, no.  Ten,

Voir Dire                                    160

no.  Eleven, no.  Twelve, no.  Thirteen, no.

Fourteen, no.  Fifteen, no.  Sixteen, yes.

PROSPECTIVE JUROR 15:  Number one.  70.

Number two, Ridgewood, Queens.  Three retired

secretary.  Four, married.  Five, hight school.

Six, husband retired postman.  Daughter is a

surgical nurse, lives in California.  I lived --

Number seven, yes, five years ago.  It was a drug

smuggling.  Number eight, no.  Nine, no.  Ten,

no.  Number eleven, yes.  Number twelve, no.

Thirteen, no.  Fourteen, no.  Fifteen, no.

Sixteen, yes.

PROSPECTIVE JUROR 16:  Number one, 33.

Number two, Woodside.  Three, cable splicer for

NYNEX.  Four, married.  Five, two years of

college.  Six, my wife works for an insurance

company.  Seven, no.  Eight, yes.  9, no.  Ten,

yes.  Eleven, yes.  Twelve, no.  Thirteen no.

Fourteen, no.  Fifteen no.  Sixteen, no.

THE COURT:  Mr. Kessler?

VOIR DIRE EXAMINATION

BY:  MR. KESSLER:

MR. KESSLER:  Afternoon.  Welcome to an

American Court of law.  My name is Scott Kessler,

MB

1

2       I'm an Assistant District Attorney. I'll be

3       asking you some questions again.

4           At any point in time if you prefer not to

5       talk about it it's perfectly all right. We can

6       approach as we have been doing with some of the

7       other jurors at side bar. I'll start, I guess,

8       with Miss Rebetta, how are you?

9           PROSPECTIVE JUROR 3: Yes?

10          MR. KESSLER: You had indicated that you can

11      fair and impartial?

12          PROSPECTIVE JUROR 3: I was thinking about

13      it. Possibly be no, but --

14          MR. KESSLER: Why do you say that?

15          PROSPECTIVE JUROR: Because one of the

16      questions here, have you ever been the victim,

17      and I have been a victim.

18          MR. KESSLER: What type of victim have you

19      been?

20          PROSPECTIVE JUROR 3: Can I approach the

21      bench?

22          MR. KESSLER: Sure.

23          (Discussion held at bench off the record)

24          MR. KESSLER: Miss Hicks, how are you?

25          PROSPECTIVE JUROR 2: Fine. How are you?

MB

Voir Dire                                                              162

MR. KESSLER:  First time as a juror?

PROSPECTIVE JUROR 2:  Uh-hum.

MR. KESSLER:  What do you think?

PROSPECTIVE JUROR 2:  Interesting.

MR. KESSLER:  Not like T.V.?

PROSPECTIVE JUROR 2:  I don't watch television

MR. KESSLER:  Even better.  Better off than most of us.  Nothing much anyway.

PROSPECTIVE JUROR 2:  No, there isn't.

MR. KESSLER:  You have friends in law enforcement?

PROSPECTIVE JUROR:  Friend is correctional and husband is retired cop.

MR. KESSLER:  There are sixteen different charges, rape, kidnaping.  Bottom line is, we can't ask you to leave all those emotions behind you, but the bottom line is, in this case you have to decide this case on the law and the evidence; can you do that?

PROSPECTIVE JUROR 2:  Uh-hum.

MR. KESSLER:  How about you, Miss Fontana, can you be fair and impartial?

PROSPECTIVE JUROR:  Yes.

MB

Voir Dire                                    163

1

2        MR. KESSLER:  You're a teacher?

3        PROSPECTIVE JUROR:  Yes.

4        MR. KESSLER:  What grade?

5        PROSPECTIVE JUROR:  High school.

6        MR. KESSLER:  Do you believer in the criminal

7    justice system?

8        PROSPECTIVE JUROR:  Definitely.

9        MR. KESSLER:  Think it's fair?

10       PROSPECTIVE JUROR:  Sometimes.

11       MR. KESSLER:  Do you think that people should

12   have the burden of proving the defendant guilty?

13       PROSPECTIVE JUROR:  Yes.

14       MR. KESSLER:  If I prove the defendant's

15   guilt beyond a reasonable doubt would you have

16   any problem standing up, looking him in the eye

17   and saying he's guilty?

18       PROSPECTIVE JUROR:  Definitely not.

19       MR. KESSLER:  If at the end of this case I

20   fail to prove he's guilty or responsibile for

21   this crime, will you stand up and find him guilty

22   anyway?

23       PROSPECTIVE JUROR 1:  All right.  My past

24   experience would --

25       MR. KESSLER:  Is that a no or yes?

Voir Dire                                    164

PROSPECTIVE JUROR:  I might.

MR. KESSLER:  You're saying you don't believe he's guilty of this crime?  You're a teacher, 49 years old.  Seem like a bright woman.  You're telling me you're going to find him guilty even though you don't think he's guilty?

PROSPECTIVE JUROR:  I'd have a problem finding a reasonable doubt if the evidence seemed like it was more in the direction of guilt because two years I served on a criminal case and I felt that it was -- he was guilty but we found it was a slight doubt and we couldn't convict him.  I had a real problem with that.

MR. KESSLER:  That's then.  These are new jurors.  Everyone obviously -- people have this human emotion to say, well, I think we should give a little to either side, some here, some there.  But that's now how the system works.  Understand if I prove to you ever count, even though you may like Mr. Schecter a lot, think he did a nice job, if I prove everything I have to beyond a reasonable doubt, you can't say, well, he did a nice job.  You have an obligation to find him guilty on each count.  Seem fair?

1                        Voir Dire                    165

2          PROSPECTIVE JUROR:  Definitely.

3          MR. KESSLER:  At the end of this case you

4     like me but you feel I have not proven this case

5     beyond a reasonable doubt and you believe this

6     person is not guilty you can't say, well, find

7     him guilty for one count because we like

8     Mr. Kessler a lot.

9          THE COURT:  That probably will never happen.

10         MR. KESSLER:  In the realm of probability you

11    agree with that as well?

12         PROSPECTIVE JUROR 1:  Yes.

13         MR. KESSLER:  I'm talking about this case,

14    your opinion on this case.  It's at the end of

15    this case if I prove the guilt.  The simple

16    response is, if the evidence doesn't prove his

17    guilt beyond a reasonable doubt can you stand up

18    in this courtroom and say not guilty?

19         PROSPECTIVE JUROR 1:  If I really felt that

20    the evidence --

21         MR. KESSLER:  Prove his guilt beyond a

22    reasonable doubt.

23         PROSPECTIVE JUROR:  I have a problem with

24    reasonable doubt.

25         MR. KESSLER:  When you say a problem, the

1
<br>
2   Voir Dire                          166

3   Judge will explain what that word is.  It's not

4   my job; it's not your job.  You're not here to

5   determine what reasonable doubt is.  The Judge

6   will explain that definition to you if it fits in

7   that definition.  The Judge will explain

8   reasonable doubt, he'll give you that definition.

9       Can you find the defendant not guilty if you

10  don't believe I have proven the case beyond a

11  reasonable doubt?

12      PROSPECTIVE JUROR:  I don't know.

13      MR. KESSLER:  Okay.  Miss Rego, motion

14  picture distributing?

15      PROSPECTIVE JUROR:  Yes.

16      MR. KESSLER:  What type of business is that?

17  You sell to movie theaters?

18      PROSPECTIVE JUROR:  Yes.

19      MR. KESSLER:  For a major company?

20      PROSPECTIVE JUROR:  Twentieth Century Fox

21  Film Corporation.

22      MR. KESSLER:  That's pretty big.  You have

23  done that work for how long?

24      PROSPECTIVE JUROR:  Three years.

25      MR. KESSLER:  Let me ask you something.  You

26  had indicated that you couldn't be a fair and

impartial juror?

PROSPECTIVE JUROR:  That's right.

MR. KESSLER:  Same questions.  I prove the
case beyond a reasonable doubt would you be able
to stand up and say he's guilty?

PROSPECTIVE JUROR:  Yes.

MR. KESSLER:  If I fail to prove his case to
you, you believe he's not guilty, responsible for
this, any problem standing up and saying not
guilty?

PROSPECTIVE JUROR:  I have a problem that if
he doesn't take the stand he's got something to
hide.

MR. KESSLER:  Let me ask you this:  That's
your basic human emotion?

PROSPECTIVE JUROR:  Yes.

MR. KESSLER:  Obviously everyone has an
emotion.  The bottom line in this courtroom, the
Judge will instruct you.  He will tell you what
the definition is of each of the crimes.  Can you
follow his instructioin on that?

PROSPECTIVE JUROR:  I don't believe in the
criminal justice system -- I believe in guilty
until proven innocent in sitting in a Court of

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 41 of 140 PageID #: 778

1

2   law as a defendant.

3        MR. KESSLER:  So, if you were ever charged

4   with a crime you would want a jury to say you

5   were guilty?

6        PROSPECTIVE JUROR:  Yeah.  I would take the

7   stand to prove innocence if I was innocent.

8        MR. KESSLER:  Would you have a problem if we

9   worked it differently her?

10        PROSPECTIVE JUROR:  No.

11        MR. KESSLER:  Miss Carter, how about you.  We

12   will start with the premise I must prove the

13   defendant's guilt beyond a reasonable doubt,

14   that's how the law works, any problem with that?

15        PROSPECTIVE JUROR 10:  Different facts are

16   there and it points to guilt, you're asking me if

17   I have a problem with saying he's guilty?

18        MR. KESSLER:  If I prove his guilt do you

19   have any problem saying he's guilty?

20        PROSPECTIVE JUROR 10:  No.

21        MR. KESSLER:  Stand up and look him in the

22   eye?  Any problem doing that?

23        PROSPECTIVE JUROR 10:  No.

24        MR. KESSLER:  Do you think that's an easy

25   thing to do?  You seem hesitant?

Voir Dire                                           169

1

2      PROSPECTIVE JUROR 10: Depending on what the

3      facts are.

4      MR. KESSLER: What do you mean by depending

5      on the facts?

6      PROSPECTIVE JUROR: The weight of the facts.

7      I guess depends. Well, the weight. Fact is

8      fact. If he's guilty, if he's not. I guess it

9      depends on, you know, if you -- if the facts

10     point to his guilt, yes, I'll, you know, i'll go

11     along with that.

12     MR. KESSLER: Seems fair?

13     PROSPECTIVE JUROR 10: Yes.

14     MR. KESSLER: Okay. I guess my question

15     is -- I'm not really sure. One person comes in

16     this courtroom and says I was kidnapped, I was

17     raped. You believe that person to be truthful

18     and credible beyond a reasonable doubt. Any

19     problem convicting based solely upon that one

20     witness's word.

21     PROSPECTIVE JUROR 10: Yeah, that might be a

22     problem.

23     MR. KESSLER: Is that something you say in

24     your heart, I really need to hear more witnesses?

25     PROSPECTIVE JUROR 10: You know, depends on

MB

the witness, depends on the person and what I get

from that person's testimony.  If I feel that the

person -- it would be nice to have more than one

witness.  It would be nice to hear the other side

of the story.

MR. KESSLER:  Sometimes crimes aren't

committed in front of a lot of people and

sometimes you don't hear both sides, fact of

life.  How about this case; can you decide this

case if you only hear one side?

PROSPECTIVE JUROR 10:  Possibly, given that

it's a rape case.  Possibly.  Depends on the

facts.  Depends on what facts were presented.

MR. KESSLER:  Okay.  My only concern is --

PROSPECTIVE JUROR 10:  I feel I'm a fair

person.  I can only guess and say, yes, I'll be

fair, you know.  The fact that it is a rape case

you're not going to hear the other side of the

story.  That's plays in the background also.

That's always in the background.

MR. KESSLER:  Can you follow the judge's

instructions on this case?

PROSPECTIVE JUROR:  Yes, I can.

MR. KESSLER:  My only concern is this:

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 44 of 140 PageID #: 781

1

2      I said to you before, if you believe this

3    person to be truthful and credible and you

4    believe I've proven everything I have to prove

5    through the witness, yes or no, do you have any

6    problem convicting based solely upon that

7    witness's word?

8         PROSPECTIVE JUROR:  No.

9         MR. KESSLER:  That's all I ask.

10        Mr. Mizzi, how are you?

11        PROSPECTIVE JUROR 11:  Fine.  How are you?

12        MR. KESSLER:  You indicated you be a fair and

13    impartial juror?

14        PROSPECTIVE JUROR:  Yes.

15        MR. KESSLER:  Tell me the reasons why you

16    think you be fair in this case?

17        PROSPECTIVE JUROR:  Sure.  Everybody is

18    innocent until proven guilty.  That's how I

19    believe.  I do watch T.V.  I watch the news and

20    everybody is entitled to a fair trial, whatever

21    they consider it.  Whether he testifies or not,

22    that's fine with me.  Look at OJ, he didn't

23    testify.  He walked free, correct?  As long as

24    the facts are there.  If the facts are there

25    heels guilty,.

Voir Dire                                    172

1

2          MR. KESSLER:  Let the cards fall as they may?

3          PROSPECTIVE JUROR 11:  Yes, sir.

4          MR. KESSLER:  Common sense.  Do you think

5     that's the important thing you have got going?

6          PROSEPCTIVE JUROR 11:  Common sense has a lot

7     to do with your life style.  It's not always

8     based on common sense, it's based on facts.

9          MR. KESSLER:  If the facts in this case show

10    you that one person comes into this courtroom and

11    you believe that person to be truthful and

12    credible and I prove everything I have to through

13    that one person, any problem convicting?

14         PROSPECTIVE JUROR:  No problem convicting

15    solely on that person.  Once again, if the

16    credibility is incorrect about that witness and

17    the witness is incorrect about their statements

18    are inaccurate, then I can't convict solely upon

19    that witness.

20         MR. KESSLER:  You have to believe her?

21         PROSPECTIVE JUROR:  Yes.

22         MR. KESSLER:  And you said accurate?

23         PROSPECTIVE JUROR:  Accurate.  But it's

24    proven it's inaccurate then it will be a

25    different story.

1                          Voir Dire                    173

2          MR. KESSLER:  Proven inaccurate.  Understand

3     the people here you said we are not television

4     actors?

5          PROSPECTIVE JUROR:  Yes, sir.

6          MR. KESSLER:  Do you think if I asked these

7     twelve people what color suit I wore yesterday

8     and what color tie, do you think all would get it

9     right?

10          PROSPECTIVE JUROR:  Yes.

11          MR. KESSLER:  Do you think all twelve saw me

12     yesterday?

13          PROSPECTIVE JUROR:  Yes.

14          MR. KESSLER:  Were you here yesterday?

15          PROSPECTIVE JUROR:  Yes.

16          MR. KESSLER:  You saw me?

17          PROSPECTIVE JUROR:  Yes, sir.

18          MR. KESSLER:  If I asked you what color suit

19     and tie would you be able to tell me?

20          PROSPECTIVE JUROR:  Yes.

21          MR. KESSLER:  Doesn't mean I didn't wear a

22     suit or tie does it?  When you say accurate,

23     understand we are talking about real facts and

24     real circumstances?  You'll consider that when

25     you consider this case?

1

2        PROSPECTIVE JUROR:  Yes.

3        MR. KESSLER:  Thanks very much.

4        You had indicated about accused of a crime,

5   you knew someone.  Do you want to talk about it

6   in public or side bar?

7        PROSPECTIVE JUROR 11:  I have no shame.  Back

8   in 1990 I was arrested for possession of burglary

9   tools, misdemeanor, three years probation.

10       MR. KESSLER:  Were you guilty?

11       PROSPECTIVE JUROR:  Excuse me?  No, sir.

12       MR. KESSLER:  Any problem with the way the

13  police treated you?

14       PROSPECTIVE JUROR:  No, sir.

15       MR. KESSLER:  Problem with the way the

16  District Attorney's office treated you?

17       PROSPECTIVE JUROR 11:  No.

18       MR. KESSLER:  The Judge?

19       PROSPECTIVE JUROR:  no.

20       MR. KESSLER:  You're a lawyer?

21       PROSPECTIVE JUROR 11:  No, not at all.

22       MR. KESSLER:  Mr. Bears, how are you?

23       PROSPECTIVE JUROR 8:  Fine.

24       MR. KESSLER:  Can you be fair?  Can't be fair

25  and impartial, you indicated no?

Voir Dire                                           175

PROSPECTIVE JUROR 8:  I don't know.  It's
hard to say.  I don't know yet.

THE COURT:  Wait a minute.  The Court
Reporter can't get the jurors' answer.  You have
to speak up so the Court Reporter can hear you.
If he can't hear you I'm going to have a problem.

MR. KESSLER:  You indicated your opinionated.
You said this is a tough call, the nature of the
charges?

PROSPECTIVE JUROR 8:  Yes.

MR. KESSLER:  You knew somebody who or spoke
to someone about similar circumstances, without
getting into detail, is that what you're
concerned with?

PROSPECTIVE JUROR 8:  I just feel that what's
going on in my mind with the nature of the crime,
I just feel it's wrong.

THE COURT:  Sir, you have to speak up.

MR. KESSLER:  Unfortunately, there's rules in
the courtroom.  Everything has to be taken down.

You indicated it was a gross violation of a
person?

PROSPECTIVE JUROR:  (No response)

MR. KESSLER:  My question, I guess, to you,

when we talk about fair and impartial we are

talking about -- there's an indictment before the

Court.  We are here to try this case and here to

decide what the facts are.

Can you have the ability in this case to put

aside your personal beliefs about rape and

kidnaping and decide this case fairly and

impartially?

PROSPECTIVE JUROR 8:  No.

MR. KESSLER:  Fair answer.  Thanks.

Mr. Alvarec, how are you?

PROSPECTIVE JUROR 16:  Yes?

MR. KESSLER:  You indicated you couldn't be

fair?

PROSPECTIVE JUROR 16:  Yes, sir.

MR. KESSLER:  How are you, ma'am?

PROSPECTIVE JUROR 15:  Fine, thank you.

MR. KESSLER:  Ridgewood.  You lived there

awhile?

PROSPECTIVE JUROR 15:  About forty years.

MR. KESSLER:  That's a while.  I have that

your husband is postman?

PROSPECTIVE JUROR 15:  He's retired and I'm

retired.

| | Voir Dire 177 |
|---|---|
| 1 | |
| 2 | MR. KESSLER:  Have you ever served before? |
| 3 | PROSPECTIVE JUROR 15:  Yes. |
| 4 | MR. KESSLER:  That's what I have down, drug |
| 5 | smuggling case? |
| 6 | PROSPECTIVE JUROR:  Yes, about five years |
| 7 | ago. |
| 8 | MR. KESSLER:  Now I remember.  Did you |
| 9 | deliberate and reach a verdict? |
| 10 | PROSPECTIVE JUROR:  We did. |
| 11 | MR. KESSLER:  Any problems with the way that |
| 12 | situation was handled? |
| 13 | PROSPECTIVE JUROR 15:  No, we all agreed. |
| 14 | MR. KESSLER:  Was it a bad experience? |
| 15 | PROSPECTIVE JUROR:  No. |
| 16 | MR. KESSLER:  Some people, they get the |
| 17 | reaction of jurors.  They feel like they have |
| 18 | just been, you know, placed in the worst |
| 19 | situation.  It wasn't so bad? |
| 20 | PROSPECTIVE JUROR 15:  No, it wasn't. |
| 21 | MR. KESSLER:  You decided that case fairly |
| 22 | and impartially? |
| 23 | PROSPECTIVE JUROR:  We believe we did. |
| 24 | MR. KESSLER:  Can you do the same here? |
| 25 | PROSPECTIVE JUROR:  Yes. |

MR. KESSLER:  Thank you.  Terrific.  That's

all I ask.  Miss Kinneary?

PROSPECTIVE JUROR 7:  Hi.

MR. KESSLER:  How are you?  Retired

secretary, what type of work?

PROSPECTIVE JUROR 7:  Insurance secretary.

MR. KESSLER:  How long did you do that work?

PROSPECTIVE JUROR 7:  Twenty one years.

MR. KESSLER:  Your husband is retired as

well?

PROSPECTIVE JUROR:  Retired plant foreman.

MR. KESSLER:  You have two kids, one is a

police officer?

PROSPECTIVE JUROR 7:  Yes, U.S. Parks

Police.

MR. KESSLER:  He works in parks?

PROSPECTIVE JUROR 7:  Works in the Statue of

Liberty at Ellis Island.

MR. KESSLER:  Understand this case we talked

about fairness and impartiality, has to be

decided by twelve jurors; if I prove to you the

defendant's guilt beyond a reasonable doubt what

would your verdict be?

PROSPECTIVE JUROR 7:  I think it would be

MB

1
2        guilty.

3            MR. KESSLER:  I would hope so.  Any problem

4        standing up and looking the defendant in the eye

5        and saying he's guilty if I proved his guilt?

6            PROSPECTIVE JUROR:  Not if you prove it.

7            MR. KESSLER:  If I don't?

8            PROSPECTIVE JUROR:  Then he's innocent.

9            MR. KESSLER:  You said you were undecided

10       whether you'd be fair?

11           PROSPECTIVE JUROR 7:  You know, it's the

12       nature of the case.  I have a bad habit of

13       pre-judging people and I can't see a woman get up

14       on the stand and say she was raped and lie about

15       it because it's just goes against my nature.  And

16       he's here.  I feel he's here for a reason.  As I

17       say, I'm pre-judging so that's why I say I hope

18       I'd be fair.

19           MR. KESSLER:  When you say prejudging,

20       obviously, the defendant is here.  He's standing

21       on trial.  He's been indicted by a grand jury.

22       The Judge will tell you you can't consider that

23       as evidence.  Okay you have to decide this not

24       upon what happened before, but what happens in

25       this courtroom.  Seem fair?

PROSPECTIVE JUROR:  Yes.

MR. KESSLER:  Can you follow the judge's instructions?

PROSPECTIVE JUROR 7:  Yes.

MR. KESSLER:  When you talk about people who testify, you say why would a woman lie about rape.  People lie, people tell the truth, people could be mistaken.  It's human nature.

PROSPECTIVE JUROR 7:  Yeah.

MR. KESSLER:  You have to agree with that?

PROSPECTIVE JUROR 7:  Yeah.

MR. KESSLER:  You can't tell me no one in your life, no one has every not lied to you?

PROSPECTIVE JUROR 7:  Right.

MR. KESSLER:  You have to make decisions about?

PROSPECTIVE JUROR 7:  We have to make our own opinion.

MR. KESSLER:  In this case we ask you -- there's no special rule, no light will go off that will say the 68 years you have as common sense, you'll use to decide if this person is telling the truth, can you do that?

PROSPECTIVE JUROR 7:  Yes.

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 54 of 140 PageID #: 791

MR. KESSLER: That's being fair. Miss Demarinis?

PROSPECTIVE JUROR 6: Yes?

MR. KESSLER: Teacher?

PROSPECTIVE JUROR: Yes.

MR. KESSLER: Teach what?

PROSPECTIVE JUROR: Grammer school.

MR. KESSLER: What grade?

PROSPECTIVE JUROR: All of them.

MR. KESSLER: Is that on the naval base?

PROSPECTIVE JUROR: No, in catholic schools.

MR. KESSLER: You were a witness a few weeks ago?

PROSPECTIVE JUROR 6: Yes.

MR. KESSLER: Here in Queens County?

PROSPECTIVE JUROR: No, I was in Supreme Court downtown.

MR. KESSLER: Manhattan?

PROSPECTIVE JUROR: Yes.

MR. KESSLER: You testified in a criminal matter or civil matter?

PROSPECTIVE JUROR: I didn't actually get up on the stand. I discussed the matter with the two sides, with the lawyers.

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 55 of 140 PageID #: 792

MR. KESSLER:  Was that criminal matter?

PROSPECTIVE JUROR:  No, it was civil.

MR. KESSLER:  Do you have a religious problem?

PROSPECTIVE JUROR 6:  On the grounds that if the prosecution is going to call up witnesses, they are under oath, and I can't see why they would be lying if they are under oath.

MR. KESSLER:  Can you agree with me that in the history of the world there have been people have lied under oath?

PROSPECTIVE JUROR:  Sure.

MR. KESSLER:  And people who tell the truth under oath?

PROSPECTIVE JUROR:  Uh-hum.

MR. KESSLER:  I was talking about Miss Kinneary using common experience to determine if a person is lying, telling truth or mistaken; do you think you can decide based on your common sense whether that person is lying, telling the truth or mistaken?  Can you do that?

PROSPECTIVE JUROR 6:  I would hope they are not lying if they are up there under oath, you know.

1
Voir Dire                                     183

2          MR. KESSLER:  Obviously they take an oath to

3     tell the truth.  We are already in agreement,

4     people take an oath and lie.  Wouldn't be the

5     first time.  Famous people have done it.

6          My question to you is simply:

7          Can you give this person, when they testify,

8     decide whether or not, using your common sense,

9     experience, whether or not they are lying,

10    telling the truth or mistaken?

11         PROSPECTIVE JUROR 6:  Hopefully I can tell if

12    they are telling the truth.

13         PROSPECTIVE JUROR:  If they are lying or

14    mistaken, someone could take the oath and be

15    mistaken -- I think that's him but be totally

16    mistaken, right?

17         PROSPECTIVE JUROR 6:  Um, for what the case

18    is based on.  If it's rape or kidnaping, I don't

19    see how somebody could be mistaken.

20         PROSPECTIVE JUROR:  I'm not talking about

21    this case, I'm talk about in general.

22         PROSPECTIVE JUROR 6:  It's a hypothetical,

23    what are you discussing?

24         MR. KESSLER:  I'm discussing whether or not

25    you could use common sense and not make up your

MB

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 57 of 140 PageID #: 794

1

2    mind based solely on them coming into a courtroom

3    and raising their hand?

4        PROSPECTIVE JUROR 6:  Like I said, I hope

5    they are.

6        MR. KESSLER:  So, would everyone -- do you

7    believe there's a possibility someone could come

8    into a courtroom and lie?

9        PROSPECTIVE JUROR 6:  Sure.

10       MR. KESSLER:  Possibility they could come in

11   and TELL the truth.  My question is:

12       Can you evaluate this witness'S testimony on

13   this case to determine whether or not this

14   witness is telling the truth or lying, using your

15   common sense experience?

16       PROSPECTIVE JUROR 6:  Okay, yes.

17       MR. KESSLER:  Can you follow the judge's

18   instruction on the LAW, whatever it is, whether

19   you believe it poror disbelieve it?  Can you

20   follow the law?

21       PROSPECTIVE JUROR 6:  I'd have to.

22       MR. KESSLER:  Deliberate with other jurors if

23   chosen and decide this case fairly and

24   impartially, seem fair to you?

25       PROSPECTIVE JUROR 6:  Hopefully their

1

2       expectation of what they had seen wouldn't

3       infringe on what my decision was.

4           MR. KESSLER:  Obviously during deliberations

5       there may be different points much view.  You

6       have an obligation to discuss it with the other

7       jurors.  You can do that given what your opinion

8       is, listen to what they say?

9           PROSPECTIVE JUROR 6:  Uh-hum.

10          MR. KESSLER:  Bottom line is this:

11          It's the end of this case.  I prove the

12      defendant's guilt beyond a reasonable doubt,

13      what's your verdict?

14          PROSPECTIVE JUROR 6:  I can't answer that

15      right now.  I don't know.

16          MR. KESSLER:  Understand, it's a

17      hypothetical.  If I prove to you his guilt, do

18      you have any problem looking him in the eye and

19      saying he's guilty?

20          PROSPECTIVE JUROR 6:  I don't know.  I might.

21          MR. KESSLER:  Why is that?

22          PROSPECTIVE JUROR:  I would hope I would

23      never see him on the street again.  He might

24      remember me.

25          MR. KESSLER:  You're saying if I proved to

you his guilt beyond a reasonable doubt you would

be hesitant to say guilty because you're worried

about your fear?

PROSPECTIVE JUROR 6:  I might be.

MR. KESSLER:  How about Miss Lee.  If I

proved the defendant's guilt beyond a reasonable

doubt would you have any problem looking him in

the eye and saying guilty?

PROSPECTIVE JUROR 5:  Do I have to look him

in the eye?

THE COURT:  That's a good question.  I guess

you can look down and say it.  Understand,

obviously, no one likes to find someone guilty;

it's not a pleasant thing.  Our law requires

anyone who's found guilty by a jury of their

peers, the jury has to deliberate and all come to

one vote, say guilty.  It's really not you, it's

really a jury of twelve.

My concern is:

There are people out there who say I don't

have the something inside of me to say I can't

find someone guilty.  Do you ever any problem

finding someone guilty if you find them to be

guilty?

| | Voir Dire | 187 |

1

2     PROSPECTIVE JUROR 5:  No.

3     MR. KESSLER:  So, at the end of this case if

4     I proved the defendant's guilt beyond a

5     reasonable doubt will you be able to return a

6     verdict of guilty?

7     PROSPECTIVE JUROR 5:  Yes.

8     MR. KESSLER:  If I fail to prove his guilt

9     beyond a reasonable doubt return a verdict of not

10    guilty?

11    PROSPECTIVE JUROR 5:  Yes.

12    MR. KESSLER:  Miss Riley, how are you?

13    PROSPECTIVE JUROR 4:   Okay.

14    MR. KESSLER:  I didn't write down your final

15    response; whether you be fair and impartial.

16    PROSPECTIVE JUROR 4:   I said no.

17    MR. KESSLER:  Have you ever been a juror

18    Before?

19    PROSPECTIVE JUROR:  No.

20    MR. KESSLER:  If I proved to you the

21    defendant's guilt would you have any problem

22    standing up finding him guilty?

23    PROSPECTIVE JUROR:  I would have to hear his

24    statement, his side of the story.

25    MR. KESSLER:  The Judge told you already that

MB

the defendant has no obligation to take the

stand, to put on any evidence, that I have the

obligation to prove his guilt.  At the end of

this case, you don't hear his side and the facts

you only hear is one side, my witnesses, the

Judge tells you you can't -- you only have to

consider the evidence you hear, can you follow

that instruction?

PROSPECTIVE JUROR 4:   I would have a problem

because I know there's always two sides of a

story and I would wonder why he's not saying

something.

MR. KESSLER:  If the Judge told you shouldn't

consider it you couldn't follow it?

PROSPECTIVE JUROR:  I would have a problem,

yes.

MR. KESSLER:  Miss Campoverde?

PROSPECTIVE JUROR 12:  Hi.

MR. KESSLER:  You indicated you have a

physical ailment?

PROSPECTIVE JUROR 12:  No.

MR. KESSLER:  I'm sorry, you said you can't

answer the last question?  You said, I believe --

maybe I'm mistaken, oh, you said you couldn't be

1           Voir Dire                              189

2  fair and impartial?

3       PROSPECTIVE JUROR 12:  No.

4       MR. KESSLER:  Is that based upon any type of

5  philosophical or religious problem you have?

6       PROSPECTIVE JUROR:  No.

7       MR. KESSLER:  Based upon your work?

8       PROSPECTIVE JUROR:  No.

9       MR. KESSLER:  Is it based upon the nature of

10 the charges?

11      PROSPECTIVE JUROR 12:  Yes.

12      MR. KESSLER:  Is it the kidnaping?

13      PROSPECTIVE JUROR:  No.

14      MR. KESSLER:  The gun possession?

15      PROSPECTIVE JUROR:  No.

16      MR. KESSLER:  Must be the rape?

17      PROSPECTIVE JUROR:  Yes.

18      MR. KESSLER:  Is it the problem hearing

19 testimony about it?

20      PROSPECTIVE JUROR:  Yes.

21      MR. KESSLER:  You're saying is -- have you

22 ever spoken to anybody about rape?

23      PROSPECTIVE JUROR 12:  Yes.

24      MR. KESSLER:  Is it that conversation that

25 would cause you not to be fair and impartial in

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 63 of 140 PageID #: 800

1

2     this case?

3          PROSPECTIVE JUROR 12:  Yes.

4          MR. KESSLER:  Thank you.  Mr. Cafferky?

5          PROSPECTIVE JUROR 13:  Yes?

6          MR. KESSLER:  I just have one question for

7     you.  You said you were a self-employed

8     carpenter?

9          PROSPECTIVE JUROR 13:  Yes.

10         MR. KESSLER:  How long have you done that

11    type of work?

12         PROSPECTIVE JUROR 13:  Four years.

13         MR. KESSLER:  You indicated on one of your

14    questions you have some type of physical ailment?

15         PROSPECTIVE JUROR 13:  I have a back problem,

16    herniated disc in my back.  I'm under a doctor's

17    care.  I have problem sitting.

18         PROSPECTIVE JUROR 14:  I forgot to say I

19    can't hear in this ear.  I have to keep going

20    like that.

21         MR. KESSLER:  Have you had a problem hearing

22    what I said?

23         PROSPECTIVE JUROR 14:  I have to keep going

24    like this.  Plus I went to school in Italy.  Some

25    things I understand, some I don't.

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 64 of 140 PageID #: 801

1

2          MR. KESSLER:  What percentage of what I've

3      been saying do you understand?

4          PROSPECTIVE JUROR 14:  I understand to -- I

5      went one year here, back and forth.  That's how I

6      became a citizen.

7          MR. KESSLER:  I think I've spoken to

8      everyone.  Well, I thank everyone for their

9      honesty and their candor during the jury

10     selection process.  As you know, we have been

11     trying to pick jurors that will be fair and

12     impartial to both sides, the People and the

13     defendant.

14         I guess the bottom line is, if I prove the

15     defendant's guilt beyond a reasonable doubt, I'm

16     looking for twelve people who have the ability to

17     come into this courtroom and say you're guilty,

18     the facts prove your guilt or if I fail to prove

19     his guilt.  Let the cards fall as they may.  No

20     preconceived judgments on whether someone

21     committed this crime, based on race or religion,

22     but the facts and circumstance here.

23         Only thing I ask, that you abide by that

24     assurance that if I prove the defendant's guilt

25     beyond a reasonable doubt based upon the evidence

2          you'll be able to find the defendant guilty or if

3          I fail to.  I appreciate everyone's time and

4          efforts.

5               THE COURT:  Mr. Schecter?

6     VOIR DIRE EXAMINATION

7     BY:  MR. SCHECTER:

8               MR. SCHECTER:  Good morning, everyone.

9          We have been going at this for a while.  I

10         may not speak to everyone.  You won't be upset

11         about that?

12         You've heard what I said up to now on the

13         other round.  I'll ask you this:  Directing it to

14         certain people, the type of crime we are dealing

15         here, the alleged kidnaping and the alleged rape,

16         a lot of you said you couldn't be fair and

17         impartial because of the type of crime, you would

18         side more with, I guess -- with the victim who

19         would come into Court and testify that she would

20         not lie.

21         Miss Kinneary, even though the question was

22         not directed at you, it was directed at Miss

23         Demarinis, but you were shaking your head, yes,

24         when you were saying that.  How could someone

25         come in here and make statements about being

Voir Dire                                      193

1

2      kidnaped and raped if it wasn't true?  Am I

3      correct?  You have to answer yes.

4          PROSPECTIVE JUROR 7:  I'm sorry, yes.

5          MR. SCHECTER:  In other words then, if a

6      witness takes the witness stand and says

7      whatever, do you tend more to believe her than

8      not without listening to her entire testimony?

9          PROSPECTIVE JUROR 7:   I might, yes.

10         MR. SCHECTER:  Does that mean you can't give

11     my client a fair trial?

12         PROSPECTIVE JUROR 7:   As I say, I have a

13     tendency to prejudge and it might sway my

14     thinking.

15         MR. SCHECTER:  As you sit here you believe

16         PROSPECTIVE JUROR 7:   I think he's here for

17     a reason.

18         MR. SCHECTER:  So, in other words, if you

19     were told to go in the back without hearing

20     evidence he would have that one strike against

21     him?

22         PROSPECTIVE JUROR 7:   He may, to be honest.

23         MR. SCHECTER:  That's all we are looking for.

24     Everyone comes in here, I'd like to say, with no

25     biases or prejudices, but that's not correct.

1                    Voir Dire                    194

2       Because everyone, however old you are, everyone

3       comes in here with their life experiences.  And

4       as much as we like to think we could be unbiased

5       and unprejudiced, a lot of us aren't.

6            Miss Hicks, do you have any problem with the

7       type of crime we are dealing here with?

8            PROSPECTIVE JUROR 2:  I have a problem with

9       the crime, yeah.

10           MR. SCHECTER:  Just because the type of

11      crime, do you think would that prejudice you

12      against my client or could you give him a fair

13      trial?

14           PROSPECTIVE JUROR 2:  I feel I can give him a

15      fair hearing.

16           MR. SCHECTER:  Do you think he's going in

17      with one strike at this moment?

18           PROSPECTIVE JUROR:  No, I don't feel he is.

19           MR. SCHECTER:  Realize we don't have any

20      burden whatsoever?

21           PROSPECTIVE JUROR 2:  Yeah.

22           MR. SCHECTER:  Do you have a problem with

23      that?

24           PROSPECTIVE JUROR:  No.

25           MR. SCHECTER:  If he doesn't testify, we

1

2      don't call any witnesses, do you have a problem?

3              PROSPECTIVE JUROR 2:   I feel there's a

4      certain cynicism and suspicion if someone doesn't

5      testify on their own behalf, but I also hold on.

6      I also feel that I'm capable of separating

7      emotional from analytical.

8              MR. SCHECTER:   In other words, the Judge

9      tells you that there's no burden for us to call

10     any witnesses and for him to testify; you could

11     put whatever your beliefs are and listen to the

12     evidence or lack of evidence and make your

13     decision based on that?

14             PROSPECTIVE JUROR 2:   Yes, I do.

15             MR. SCHECTER:   And if we don't -- if he

16     doesn't testify or call any witnesses at the end

17     of the entire case, you have a doubt from

18     whatever -- the evidence you heard or the lack of

19     evidence, do you have any problem with standing

20     up and saying not guilty?

21             PROSPECTIVE JUROR 2:   No.

22             MR. SCHECTER:   You're uncle is a retired

23     police officer; does he ever discuss his work

24     with you?

25             PROSPECTIVE JUROR 2:   No.

1

2          MR. SCHECTER:  That won't affect you one way

3     or the other?

4          PROSPECTIVE JUROR 2:  No.

5          MR. SCHECTER:  Been the victim of a crime or

6     relatives?

7          PROSPECTIVE JUROR 2:  I have been the victim

8     of a crime.

9          MR. SCHECTER:  What type of crime?

10         PROSPECTIVE JUROR:  Broken into my home.

11         MR. SCHECTER:  You won't hold it against my

12    client?

13         PROSPECTIVE JUROR 2:  No.

14         MR. SCHECTER:  Miss Carter, you said you

15    would like to hear both sides?

16         PROSPECTIVE JUROR 10:  Yes.

17         MR. SCHECTER:  Under our law there's no

18    obligation to hear both sides.  If we don't call

19    any witnesses, he doesn't take the stand, will

20    you hold it against him?

21         PROSPECTIVE JUROR 10:  Well, in a Court of

22    law you don't have to call any witnesses.

23         MR. SCHECTER:  We are in a Court of law.

24         PROSPECTIVE JUROR 10:  You said you're not

25    going to call?

**MB**

Case 1:16-cv-01166-RJD Document 8-5 Filed 11/30/16 Page 70 of 140 PageID #: 887

MR. SCHECTER:  I'm not saying we are or we
are not, but under our law we don't have to.
Let's assume we don't.  You said that it's nice
to hear both sides.  A lot of times people aren't
nice.  Would that affect you in your
deliberation?

PROSPECTIVE JUROR 10:  It depends on the
witnesses that were called.

MR. SCHECTER:  You can't give me a straight
answer?

PROSPECTIVE JUROR:  What was the question?

MR. SCHECTER:  If we don't call any witnesses
and Mr. Zheng does not take the witness stand,
are you going to hold that against him?

PROSPECTIVE JUROR 10:  I would, and I said
again, I would like to hear the other side.

MR. SCHECTER:  What happens if you don't,
you're not sure?

PROSPECTIVE JUROR 10:  I'm not sure.

MR. SCHECTER:  That's fine.  Thank you.
Mr. Cafferky, you said you have a physical
disability.  Let's assume -- can you sit here an
hour and-a-half at a time or what would be the
length of time?

PROSPECTIVE JUROR 13:  I've been on a cane for a month now I didn't realize I couldn't sit in one position because I didn't have to. Normally moving around.

MR. SCHECTER:  I guess for the past day you've been seated here or there, have you had a problem?

PROSPECTIVE JUROR 13:  Yes, I have.

MR. SCHECTER:  That's fine.  Miss Foglia, you also said you couldn't be fair?

PROSPECTIVE JUROR 14:  If I could understand everything, but I don't.  Because I didn't go to schools here.  Like I said, I went to school in Italy and I don't understand everything.

MR. SCHECTER:  Do you have a problem hearing?

PROSPECTIVE JUROR 14:  Yes.  Like my ear clogs and, you know, back and forth.

MR. SCHECTER:  Miss Noonan, any problems with any of the concepts I brought up to now?

PROSPECTIVE JUROR 15:  No.

MR. SCHECTER:  Give him a fair trial?

PROSPECTIVE JUROR 15:  Try to.

MR. SCHECTER:  The type of crime, or whatever, that, in and of itself, will not make

1                          Voir Dire                    199

2          you side with the prosecution?

3                 PROSPECTIVE JUROR 15:  No.

4                 MR. SCHECTER:  If the evidence is

5          insufficient any problem standing up and saying

6          not guilty?

7                 PROSPECTIVE JUROR 15:  No.

8                 MR. SCHECTER:  Miss Lee, did you say you were

9          in law school?

10                PROSPECTIVE JUROR 5:  No, I'm preparing.

11                MR. SCHECTER:  You say you couldn't be fair

12         and impartial?

13                PROSPECTIVE JUROR 5:  I said, yes, I could

14         be.

15                MR. SCHECTER:  Any reason why you can't be --

16         if my client doesn't testify, any problem with

17         that.

18                PROSPECTIVE JUROR 5:  No.

19                MR. SCHECTER:  If we don't call any witnesses

20         any problem with that?

21                PROSPECTIVE JUROR:  No.

22                MR. SCHECTER:  Listen to the testimony, or

23         the lack of it, and make your decision based on

24         that?

25                PROSPECTIVE JUROR 5:  Yes.

```
 1                           Voir Dire                    200
 2          MR. SCHECTER:  I haven't been speaking very
 3      long, Mr. Kessler hadn't.  Anyone want to tell me
 4      anything you think I should know?  Thank you all.
 5          THE COURT:  Thank you.  Both counsel consult.
 6      When you're ready step inside.  Excuse us for a
 7      few moments.
 8          (The following occurs in the robing room
 9      outside the presence of the defendant and the
10      prospective jury.
11          COURT CLERK:  Third round of challenges,
12      People versus Zheng.  We have eight, we need
13      four.
14              Challenges for cause, people?
15          MR. KESSLER:  One, three and four.
16          MR. SCHECTER:  No objection.
17          THE COURT:  I'll allow it.
18          COURT CLERK:  Defense, cause?
19          MR. SCHECTER:  No.
20          THE COURT:  Perempt, people?
21          MR. KESSLER:  No.
22          MR. SCHECTER:  Yes, I challenge two.
23          COURT CLERK:  Defense is using his sixth
24      perempt.
25          THE COURT:  Next four.  Lee through Bears.
```

|   |   |   |
|---|---|---|
| 1 | Voir Dire | 201 |

2   Cause, people?

3       MR. KESSLER:  Juror six, Miss Demarinis.  She

4   doesn't want to serve under any circumstances.

5   She's an intelligent woman.

6       THE COURT:  Off the record.

7       (Discussion held off the record)

8       THE COURT:  Any objection by defense on Lisa

9   Demarinis?

10      MR. SCHECTER:  No.

11      MR. KESSLER:  Bears for cause and Demarinis.

12      COURT CLERK:  Any objection to Bears?

13      MR. SCHECTER:  I would love to, no.

14      COURT CLERK:  That's a consent.

15      THE COURT:  Cause, defense.

16      MR. SCHECTER:  Kinneary said she couldn't be

17   fair.

18      THE COURT:  I'll allow it.

19      COURT CLERK:  That's cause.

20      THE COURT:  Perempt challenges, people?

21      MR. KESSLER:  Miss Lee.

22      COURT CLERK:  That's your third perempt,

23   people.

24      THE COURT:  Next four, Rego through

25   Campoverde.  Cause, people?

1                 Voir Dire                202

2        MR. KESSLER: Miss Rego and --

3        MR. SCHECTER: No objection.

4        MR. KESSLER: And Campoverde, been involved

5 in some kind of rape.

6        MR. SCHECTER: No objection.

7        THE COURT: Challenges for cause by defense?

8        MR. SCHECTER: Miss Carter. She said also if

9 we don't call any witnesses she can't be fair.

10        THE COURT: I'll allow it.

11        COURT CLERK: No objection?

12        MR. KESSLER: No objection.

13        COURT CLERK: Perempt, people?

14        MR. KESSLER: I perempt Mizzi.

15        COURT CLERK: Next four, Cafferky through

16 Alvarez, cause?

17        MR. KESSLER: Cafferky has a physical

18 ailment.

19        MR. SCHECTER: No objection.

20        MR. KESSLER: Foglia can't speak English.

21        MR. SCHECTER: No objection.

22        MR. KESSLER: Alvarez said he couldn't be

23 fair, but I can't remember why. Now, do you

24 have --

25        THE COURT: Alvarez for cause. Any

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 76 of 140 PageID #: 813

1

2       objection?

3            MR. SCHECTER:  No.  And no objection for

4       Noonan for cause.

5            THE COURT:  Did you challenge?  Anymore

6       challenges for cause?

7            MR. KESSLER:  Only challenge I have is

8       Cafferky, Foglia and Alvarez.

9            COURT CLERK:  No challenge for cause as to

10      juror Noonan?

11           MR. KESSLER:  No cause.

12           MR. SCHECTER:  No cause.

13           THE COURT:  Perempt, people?

14           MR. KESSLER:  None.

15           MR. SCHECTER:  No.

16           COURT CLERK:  Ruth Noonan will be juror nine.

17           (The following occurs in open court.)

18           COURT CLERK:  Jurors, the entire panel is

19      dismissed with the exception of Ruth Noonan.  All

20      the rest of you, if you wouldn't mind stepping

21      outside the courtroom.

22           THE COURT:  I want them to go back to central

23      jury now.

24           COURT OFFICER:  Follow me.

25           (The prospective jurors exited the courtroom)

1               Voir Dire                        204

2          COURT CLERK:  Remaining juror satisfactory to

3     both sides?

4          MR. KESSLER:  Yes.

5          MR. SCHECTER:  Yes.

6          (Whereupon, one duly was duly sworn by the

7     Clerk of the Court)

8          THE COURT:  Fill the box, as far as you can.

9          COURT CLERK:  Theresa Sanchez, S-a-n-c-h-e-z,

10     seat number one.  Daniel Quan, Q-u-a-n.  First

11     name Daniel.  Seat three, Maria Santaromita,

12     S-a-n-t-a-r-o-m-i-t-a, first name Maria.  Marie

13     Casimir, C-a-s-i-m-i-r.  Daniel Franqui,

14     F-r-a-n-q-u-i.  Paul Hartmann, H-a-r-t-m-a-n-n,

15     last seat.

16          THE COURT:  Would you please, while the other

17     jurors are answering the questions, familiarize

18     yourself with the questionnaire.

19          Miss Sanchez, we will start with you.

20          PROSPECTIVE JUROR 1:  One, 47.  Two, Forest

21     Hills.  Three, manager for an insurance company.

22     Four, divorced.  Five, Bachelor of Science.

23     Number six, my daughter is an officer manager.

24     Seven, yes, five years ago for the grand jury.

25     Eight, no.  Nine, I have friend who are lawyers

MB

1               Voir Dire                    205

2      but none in criminal law. Ten, no. Eleven, yes,

3      fifteen years ago my apartment was broken into.

4      Number 12, no. Thirteen, no. Number fourteen,

5      no. Number fifteen, no. Number sixteen, yes.

6           THE COURT: Thank you. Next.

7           PROSPECTIVE JUROR 2: Number one, 22. Two,

8      Long Island City. Three, real estate market

9      analyst. Four, single. Five, college graduate.

10     Six, doesn't apply. Seven, no. Eight, no.

11     Nine, no. Ten, no. Number eleven, yes. Number

12     12, no. Number thirteen, no. Fourteen, no.

13     Fifteen, no. Sixteen, yes.

14          THE COURT: Next.

15          PROSPECTIVE JUROR 3: One, 39. Two, Middle

16     Village. Three, paramedic lieutenant. Four,

17     single. Five, some college. Six, doesn't apply.

18     Seven, yes, criminal five years ago; civil seven

19     years ago. Eight, yes. Nine, no. Ten, yes.

20     Eleven, yes. Twelve, no. Thirteen, no.

21     Fourteen, no. Fifteen, no. Sixteen, yes.

22          THE COURT: Next.

23          PROSPECTIVE JUROR 4: Number one, forty.

24     Two, Rosedale, Queens. Three, room attendant.

25     Four, married. Five, no, graduate. Number six,

MB

```
 1                    Voir Dire                    206
 2      my husband works in a factory.  Number seven, no.
 3      Number eight, no.  Number nine, no.  Number ten,
 4      no.  Number eleven, no.  Number 12, no.  Number
 5      thirteen, no.  Fourteen, no.  Fifteen, yes.
 6      Number sixteen, no.
 7           THE COURT:  Thank you.  Next.
 8           PROSPECTIVE JUROR 5:  One, 27.  Two,
 9      Ridgewood, Queens.  Three, New York City police
10      officer.  Four, single.  Five, two years college.
11      Six, I'm not married.  Seven, no.  Eight, yes.
12      Nine, yes.  Ten, no.  Eleven, yes.  Twelve, yes,
13      myself.  Thirteen, no.  Fourteen, no.  Fifteen,
14      no.  Sixteen, no.
15           THE COURT:  Thank you.
16           PROSPECTIVE JUROR 6:  One, 64.  Two, Middle
17      Village.  Three, self-employed, sales agent.
18      Four, married.  Five, high school.  Six, my wife
19      is retired from the Board of Ed.  One son is a
20      computer specialist, other one is a sales
21      representative.  My daughter is a school teacher
22      and my other daughter is an RN, nurse.  Number
23      seven, yes, two years ago, civil case.  Number
24      eight is yes.  Number nine is yes.  Number ten,
25      no.  Number eleven, yes, my house was broken into
```

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 80 of 140 PageID #: 817

1
2      fifteen years ago.  Number twelve, no.  Number
3      thirteen is no.  Number fourteen is yes, in the
4      army, 1954 and '54.  Number fifteen, no.  Number
5      sixteen, I'm not sure.
6           THE COURT:  Thank you.  Mr. Kessler, please?
7           MR. KESSLER:  Yes, your Honor.
8  VOIR DIRE EXAMINATION
9  BY:  MR. KESSLER:
10           MR. KESSLER:  Afternoon.  Welcome to AN
11      American Court of law.  I'm Scott Kessler; I'm an
12      Assistant District Attorney.  Mr. Hartmann, you
13      indicated you're not sure about being fair and
14      impartial?
15           PROSPECTIVE JUROR 6:  That's right.
16           MR. KESSLER:  You consider yourself a fair
17      man, generally?
18           PROSPECTIVE JUROR:  Yes, I do.
19           MR. KESSLER:  You obviously, as a salesman,
20      spoken to a lot of people over the years?
21           PROSPECTIVE JUROR:  Yes, sir.
22           MR. KESSLER:  You make evaluations whether
23      they are telling the truth or lying?
24           PROSPECTIVE JUROR:  Yes.
25           MR. KESSLER:  That same ability you have

1

2          then, do you think you could use it in

3          determining whether or not a witness in this case

4          is telling the truth or lying?

5              PROSPECTIVE JUROR:  Possibly.

6              MR. KESSLER:  At the end of this case if I

7          proved the defendant's guilt beyond a reasonable

8          doubt what would your verdict be?

9              PROSPECTIVE JUROR 6:  I'm not sure.  You

10         mentioned something before about the Judge will

11         explain to us what reasonable doubt is.

12             MR. KESSLER:  Can you follow his

13         instructions?

14             PROSPECTIVE JUROR:  Yes.

15             MR. KESSLER:  If he explains reasonable doubt

16         and at the end of the case you believe that I had

17         proven this case to you based upon the evidence

18         you hear in this case, I HAVE proven it beyond a

19         reasonable doubt, okay, understand it's not a

20         hundred percent doubt or shadow of a doubt as you

21         hear on T.V.   He'll tell you what it is.  Any

22         problem standing up, coming in here and saying

23         he's guilty if I prove it beyond a reasonable

24         doubt as the Judge defines it?

25             PROSPECTIVE JUROR 6:  No, I wouldn't.

MR. KESSLER:  On the other hand, at the end

of this case, if I fail to prove his guilt to

you, you don't believe he's responsible, you

don't believe he's guilty beyond a reasonable

doubt, would you be able to stand up in the

courtroom and say not guilty?

PROSPECTIVE JUROR 6:  Yes, I could.

MR. KESSLER:  So, you would decide this case

based upon the evidence you hear in this

courtroom?

PROSPECTIVE JUROR:  To a certain degree, yes.

MR. KESSLER:  You would use your common

sense?

PROSPECTIVE JUROR:  Use common sense.

MR. KESSLER:  Life's experiences?

PROSPECTIVE JUROR:  Yes, sir.

MR. KESSLER:  So, if you could be fair to the

people in deciding this case based upon the

evidence, and if could you fair to the -- what is

it about the case that makes you believe you

couldn't be fair and impartial to both sides?

PROSPECTIVE JUROR:  I know it's claimed or

it's said it's the law, that the defendant does

not have to take the stand.

Case 1:16-cv-01186-RJD   Document 8-5   Filed 11/09/16   Page 83 of 140 PageID #: 820

1

2          MR. KESSLER:  The Judge will give you a lot

3     of instructions.

4          PROSPECTIVE JUROR:  Understand that.

5          MR. KESSLER:  That's one of many.

6          MR. SCHECTER:  Let him finish his answer.

7          THE COURT:  Yes, sustained.

8          PROSPECTIVE JUROR 6:  I find it hard to

9     believe and to say that.

10          THE COURT:  What do you find hard to believe?

11          PROSPECTIVE JUROR 6:  That if the defendant

12     doesn't take the stand, your Honor.

13          THE COURT:  I'm telling you that's the law.

14          PROSPECTIVE JUROR 6:  That's the law?

15          THE COURT:  I told you that in my general

16     instructions to the jury.  What is so hard to

17     believe?  It's written in the law books.

18          MR. KESSLER:  The question is:

19          He's going to define what reasonable doubt

20     is.  He'll tell you what the elements are, he.

21     Will tell you what you have to consider in the

22     case.  The question is:  Can you follow his

23     instructions on the law, whether you believe him

24     or don't believe him, whether you like his

25     definition or don't like his definition.

1

2          Can you follow the judge's instruction on the

3     case?

4          PROSPECTIVE JUROR 6:  Yes, I would.

5          MR. KESSLER:  That's all it is.

6     Understandably there are a lot of people who like

7     things to be changed in the law and there are

8     ways to do that.  This courtroom isn't one of

9     them, understand?

10         PROSPECTIVE JUROR:  Yes.

11         MR. KESSLER:  There's a legislative body that

12    determines the rules and the Judge will interpret

13    them and give them to you, but you can't change

14    the law here; it has to be done somewhere else.

15    Any problem?

16         PROSPECTIVE JUROR:  No.

17         MR. KESSLER:  Thanks.  Miss Sanchez, hi.

18         PROSPECTIVE JUROR:  High.

19         MR. KESSLER:  You had indicated that you

20    would be fair and impartial in this case?

21         PROSPECTIVE JUROR:  Yes.

22         MR. KESSLER:  What do you think being a fair

23    and impartial juror means?

24         PROSPECTIVE JUROR:  The ability to weigh the

25    evidence, or lack of evidence, and analyze it and

1

2          make a fair determination based on that.

3              MR. KESSLER:  That's probably one of the best

4          I heard so far.  What about the evidence if it

5          would come solely from one person, any problem

6          convicting solely on the word of one person if

7          you believe that person to be truthful?

8              PROSPECTIVE JUROR:  If I believe the person

9          to be truthful and credible I have no problem

10         with that.

11             MR. KESSLER:  Okay.  Mr. Quan, would you

12         agree with that?

13             PROSPECTIVE JUROR 2:  Yes.

14             MR. KESSLER:  You're a college grad; what

15         particular major?

16             PROSPECTIVE JUROR:  Accounting and finance.

17             MR. KESSLER:  So, I'm always a little

18         concerned about accounting.  Everything has to

19         add up in that particular program, right?

20             PROSPECTIVE JUROR:  You can play around with

21         things; however, you want to succeed.

22             MR. KESSLER:  Suppose at the end of this case

23         it happens you're not a hundred percent sure but

24         you're sure beyond a reasonable doubt, would you

25         have any problem finding the defendant guilty?

1                       Voir Dire                    213

2          PROSPECTIVE JUROR:  If you can define for me

3     what reasonable doubt is.

4          MR. KESSLER:  No problem.  Understand what

5     I'm saying?

6          PROSPECTIVE JUROR:  I do.

7          MR. KESSLER:  Nothing in life is for sure.

8     If I ask you what the last number is, can you

9     ever give me an answer?

10         PROSPECTIVE JUROR:  No, I couldn't.

11         MR. KESSLER:  That's a pretty straightforward

12    question.  My point is:  At the end of this case,

13    if I prove to you the defendant's guilt beyond a

14    reasonable doubt, would you be able to hold me to

15    that standard, no higher, no lower?

16         PROSPECTIVE JUROR:  I think I could.

17         MR. KESSLER:  Miss Santaromita?

18         PROSPECTIVE JUROR 3:  Yes?

19         MR. KESSLER:  You indicated someone you knew

20    had been accused of a crime?

21         PROSPECTIVE JUROR:  It was my brother.  He

22    was arrested for assault and battery.

23         MR. KESSLER:  Did you follow the case at all?

24    Did you come to Court with him?

25         PROSPECTIVE JUROR 3:  He pled guilty, got

                          MB

Voir Dire                                     214

probation.

MR. KESSLER:  Was he guilty?

PROSPECTIVE JUROR 3:  Yes.

MR. KESSLER:  Anything about that experience that would cause you not to be fair in this case?

PROSPECTIVE JUROR 3:  No.

MR. KESSLER:  Give the people and the defense a fair trial?

PROSPECTIVE JUROR:  Yes.

MR. KESSLER:  Do you have any hobbies?

PROSPECTIVE JUROR:  Bowling.

MR. KESSLER:  Any problem with the other concept with the one witness?

PROSPECTIVE JUROR:  No.

MR. KESSLER:  Can you use your common sense in deciding this case?

PROSPECTIVE JUROR:  Yes.

MR. KESSLER:  If i prove the defendant's guilty beyond a reasonable doubt what's your verdict?

PROSPECTIVE JUROR:  Guilty.

MR. KESSLER:  If I fail?

PROSPECTIVE JUROR:  Not guilty.

MR. KESSLER:  You indicated you couldn't be

1
2  fair and impartial and, Mr. Franqui, you
3  indicated the same?
4       PROSPECTIVE JUROR 5:  Yes.
5       PROSPECTIVE JUROR 4:   Yes.
6       MR. KESSLER:  Thanks for your time.  I
7  appreciate everyone for their time and patience.
8       THE COURT:  Mr. Schecter.
9  VOIR DIRE EXAMINATION
10 BY:  MR. SCHECTER:
11      MR. SCHECTER:  Afternoon everyone.  I'll be
12 brief.  Everyone heard everything I said up to
13 now.  Anyone have any problems with any concept,
14 we have no burden?  Do you have a problem with
15 that, Miss Sanchez?
16      PROSPECTIVE JUROR 1:  No.
17      MR. SCHECTER:  If the People's evidence is
18 lacking, any problem standing up and saying not
19 guilty?
20      PROSPECTIVE JUROR 1:  No problem.
21      MR. SCHECTER:  Do you?
22      PROSPECTIVE JUROR 2:  Don't think I have a
23 problem.
24      MR. SCHECTER:  Miss Sanchez, you sat on a
25 grand jury; how long ago was that?

MB

1

2      PROSPECTIVE JUROR 1:  Fifteen years ago.

3         MR. SCHECTER:  Realize there's a different

4    standard here than in the grand jury?

5         PROSPECTIVE JUROR 1:   Absolutely.

6         MR. SCHECTER:  Grand jury most times you only

7    heard one side, there's no cross-examination.

8    Put that all aside?

9         PROSPECTIVE JUROR 1:  Right.

10        MR. SCHECTER:  Listen to Judge Katz?

11        PROSPECTIVE JUROR:  Yes.

12        MR. SCHECTER:  Anything about the type of

13   crime that would make you feel you would side

14   more with the prosecution?

15        PROSPECTIVE JUROR 1:   No.

16        MR. SCHECTER:  Thank you.  Miss Santaromita?

17        PROSPECTIVE JUROR 3:  Yes?

18        MR. SCHECTER:  I didn't hear what you did for

19   a living?

20        PROSPECTIVE JUROR 3:  I'm a paramedic

21   lieutenant for EMS, Fire Department, Bureau of

22   EMS.

23        MR. SCHECTER:  Do you have any dealings with

24   police or anything with that?

25        PROSPECTIVE JUROR:  Sure.

Case 1:16-cv-01166-RJD Document 8-5 Filed 11/30/16 Page 90 of 140 PageID #: 827

MR. SCHECTER:  Anything about that that would make you feel you couldn't give my client a fair trial?

PROSPECTIVE JUROR:  No.

MR. SCHECTER:  Anything about the type of crime we are dealing with?

PROSPECTIVE JUROR 3:  No.

MR. SCHECTER:  People's prove is insufficient, any problem standing up and saying not guilty?

PROSPECTIVE JUROR 3:  No.

MR. SCHECTER:  Realize the burden is all on them?

PROSPECTIVE JUROR 3:  Yes.

MR. SCHECTER:  Five years ago you were on a jury, was that criminal?

PROSPECTIVE JUROR:  Yes.

MR. SCHECTER:  What type of crime was it?

PROSPECTIVE JUROR:  Murder.

MR. SCHECTER:  Anything happen that would not make you want to go back into the jury room?

PROSPECTIVE JUROR 3:  Well, something happened.  I got over it.

MR. SCHECTER:  You can put it aside?

```
1                        Voir Dire                      218
2              PROSPECTIVE JUROR:  Yes.
3         MR. SCHECTER:  How long ago was the incident
4    with your brother?
5              PROSPECTIVE JUROR:  About eight years ago.
6         MR. SCHECTER:  You said he pled guilty.
7    Obviously certain people plead guilty, others say
8    they are not guilty and go to trial; that won't
9    effect you?
10             PROSPECTIVE JUROR:  No.
11        MR. SCHECTER:  You've been the victim of a
12   crime, what type of crime?
13             PROSPECTIVE JUROR:  I was mugged once and my
14   car was stolen.
15        MR. SCHECTER:  You won't hold it against him?
16             PROSPECTIVE JUROR:  No.
17        MR. SCHECTER:  Fair and impartial?
18             PROSPECTIVE JUROR:  Yes.
19        MR. SCHECTER:  Thank you.  Mr. Franqui, how
20   long have you been a police officer?
21             PROSPECTIVE JUROR 5:  Little over five years.
22        MR. SCHECTER:  You said you can't be fair and
23   impartial?
24             PROSPECTIVE JUROR 5:  That's correct.
25        MR. SCHECTER:  Mr. Hartmann, is it the type
```

1          Voir Dire                    219

2      of crime that you're having a problem with?

3          PROSPECTIVE JUROR 6:  Yes, sir.

4      MR. SCHECTER:  And you would prefer not to

5  sit?

6          PROSPECTIVE JUROR 6:  Yes, sir.

7      MR. SCHECTER:  You don't think you could give

8  my client a fair trial?

9          PROSPECTIVE JUROR 6:  I made a statement that

10  my house was broken into about fifteen years ago.

11  I had two young daughters in the house about

12  fifteen and seventeen.  I just want to tell you.

13  The man stood in their bedroom with a flashlight

14  on.  I got up ran after the person.  Only after

15  it happened to me did I realize what could have

16  happened.

17          MR. SCHECTER:  Thank you.  Nothing further.

18          (The following occurs in the robing room

19  outside the presence of the defendant and the

20  jury)

21          COURT CLERK:  We have nine jurors, we need

22  three.  Let's look at the first three, Sanchez

23  through Santaromita.  Cause, people?

24          MR. KESSLER:  None.

25          MR. SCHECTER:  None.

1                  Voir Dire             220

2        THE COURT:  Peremptory, people?

3        MR. KESSLER:  All fine.

4        MR. SCHECTER:  Number two, Mr. Quan.

5        COURT CLERK:  That's perempt number seven for

6 you.  So we now have juror ten who will be

7 Sanchez.  Juror eleven, Maria Santaromita.  The

8 next one, Marie Casimir, cause?

9        MR. KESSLER:  Cause.

10        MR. SCHECTER:  Next three are going off for

11 cause.

12        THE COURT:  People?

13        MR. KESSLER:  Franqui, Hartmann for cause.

14        THE COURT:  No objection?

15        MR. SCHECTER:  No.

16        THE COURT:  We have eleven jurors, your

17 Honor.  We have eleven jurors.

18        THE COURT:  We will get another panel at 2:00

19 o'clock.

20        (The following occurs in open Court)

21        COURT CLERK:  Theresa Sanchez and Maria

22 Santormita, remain seated.  Other jurors are

23 excused.

24        Would you mind stepping out in front of the

25 courtroom and we will send you to lunch in a few

1

2          minutes.  Remaining two jurors acceptable to the

3          people?

4              MR. KESSLER:  Yes.

5              MR. SCHECTER:  Yes.

6              (Whereupon, 2 jurors were duly sworn by the

7          Clerk of the Court)

8              THE COURT:  Those sworn jurors, we have to

9          get another panel up because we don't have enough

10         jurors sworn.  So, I'm going to ask you come back

11         at 2:30.  Don't come up to the courtroom.  Go

12         where the Court officers tell you to go.  Don't

13         discuss the case with anyone else.  Don't let

14         anyone discuss it with you or in your presence.

15         See you at 2:30 where the court officers tells

16         you to report.  Don't come to the courtroom.

17             (The eleven sworn jurors exited the

18         courtroom)

19             THE COURT:  Same bail.

20             (Whereupon, a luncheon recess was taken at

21         this time.)

22             *          *          *

23         A F T E R N O O N   S E S S I O N

24             *          *          *

25             (The following then occurred in open court

|     |                                                    |      |
| --- | -------------------------------------------------- | ---- |
| 1   | Voir Dire                                          | 222  |
| 2   | out of the presence of the jury:)                  |      |
| 3   | COURT CLERK:  Case on trial, 3282 of '95.          |      |
| 4   | THE COURT:  I'm going to take the sworn            |      |
| 5   | jurors and put them into the jury room.            |      |
| 6   | Any objection?                                     |      |
| 7   | MR. KESSLER:  No.                                  |      |
| 8   | MR. SCHECTER:  No.                                 |      |
| 9   | COURT OFFICER:  Ready for the jury?                |      |
| 10  | THE COURT:  Yes.                                   |      |
| 11  | THE COURT:  Ladies and gentlemen of the jury,      |      |
| 12  | we have to select some more jurors, obviously, so  |      |
| 13  | I'll send you eleven back into one of the juror    |      |
| 14  | rooms so you don't have to listen to the whole     |      |
| 15  | preliminary instructions I have to give.           |      |
| 16  | I hope you have some reading material or           |      |
| 17  | something to keep you busy.  But don't forget,     |      |
| 18  | don't discuss the case among yourselves or let     |      |
| 19  | anyone discuss it in your presence.  As soon as    |      |
| 20  | they are back bring in the other prospective       |      |
| 21  | jurors.                                            |      |
| 22  | (The eleven sworn jurors exited the                |      |
| 23  | courtroom).                                         |      |
| 24  | THE COURT:  Now, bring in the prospective          |      |
| 25  | jury panel.                                         |      |

MB

```
1                        Voir Dire                    223
2            COURT OFFICER:  Prospective jury panel
3       entering the courtroom.
4            (The prospective jury panel entered the
5       courtroom)
6            COURT CLERK:  Any objection to swearing in
7       the panel en mass?
8            MR. KESSLER:  No.
9            MR. SCHECTER:  No.
10           COURT CLERK:  Jurors, rise, and raise your
11      right hands.
12           (Whereupon, the prospective jury panel was
13      duly sworn by the Clerk of the Court)
14           COURT CLERK:  If I call your name answer
15      present and the officer to my left will seat you.
16      First seat John Mentovay.  M-e-n-t-o-v-a-y,
17      Junior.  First name John.  Two, Crystal Kilgore.
18      K-i-l-g-o-r-e.  First name, C-r-y-s-t-a-l.
19           A JUROR:  Here.
20           COURT CLERK:  Edward Gerke, G-e-r-k-e, Edward
21      first name.  Edward Eng, last name, N-g, first
22      name, Edward.  Next is Sonia Mejias, M-e-j-i-a-s.
23      First name, S-o-n-i-a.  Dolores Sullivan,
24      S-u-l-l-i-v-a-n, first name D-o-l-o-r-e-s.
25      Carmela Kutney, K-u-t-n-e-y.  First name,
```

Voir Dire                                    224

Carmela.  Amy Pusung, P-u-s-u-n-g.  First name

A-m-y.  Lawrence Hsu, H-s-u, first name,

L-a-w-r-e-n-c-e.  Kimberly Benton, B-e-n-t-o-n,

first name K-i-m-b-e-r-l-y.

THE COURT:  Afternoon, ladies and gentlemen.

May name is Stanley B. Katz.  I'm the

presiding Justice assigned to the trial of this

case and I intend at this time to make a

statement and ask you certain questions.  I would

be very grateful for those who are in the back of

the courtroom as prospective jurors to pay very

careful attention to everything that's going on

because you may be called upon to sit in the jury

box during this term of jury selection.

The purpose of my inquiry is to obtain 12

citizens.  We already got eleven jurors, we need

one more juror and alternates.  I need one other

juror and alternates in order to have them sit on

this jury and that these jurors will be jurors

who act fairly and without prejudice of any kind.

Now, it's a grave obligation on your part to

respond to the questions that are directed to you

and to answer them fully, candidly, and

truthfully.  There's no right or wrong answers to

Case 1:16-cv-01166-RJD Document 8-5 Filed 11/30/16 Page 98 of 140 PageID #: 835

2      any of the questions that are asked of you, only

3      truthful answer.

4          This is the trial of a criminal case and

5      every person appearing before this Court is

6      entitled to and must receive a fair and impartial

7      trial.  This impartiality, this lack of bias must

8      be accorded in equal measure, both to the people

9      and to the defendant.  The case involves the

10     trial of criminal charges brought by the People

11     of the State of New York against the defendant,

12     Hai guang Zheng.  The charges against the

13     defendant are contained in an indictment which

14     alleges that the defendant committed certain

15     criminal acts, and they are four counts of

16     kidnapping in the first degree, two counts of

17     rape in the first degree, kidnaping in the second

18     degree, sexual abuse in the first degree,

19     criminal possession of a weapon in the second

20     degree.

21         The indictment, ladies and gentlemen, is

22     merely the instrument by which the state of New

23     York brings into Court individuals it claims to

24     have violated the law.  The prosecution conducted

25     against the defendant for the alleged commission

of a crime is brought in the name of the People

of the State of New York.  The indictment is not

evidence of the guilt of defendant; indeed, the

defendant is presumed to be innocent.  This

presumption of innocence continues throughout the

trial unless and until the jury, having

considered all of the evidence, shall find the

defendant is guilty beyond a reasonable doubt of

the charges made against him.

The jury decides questions of fact.  The jury

listens to the testimony, examines the evidence

which is received during the course of the trial.

At the conclusion of the trial, it's my province,

as the Judge, to instruct the jury as to the law

which is applicable to this case and the jury is

bound to follow my instructions as to the law,

whether you agree the law or not.

The jury is the exclusive judges of the fact.

It alone determines whether the people have

proved the charges with respect to this defendant

beyond a reasonable doubt.  So, it will be the

duty of the jury to weigh the evidence calmly and

dispassionately without any sympathy or bias or

prejudice, and if the jury returns a verdict of

conviction against the defendant, it has nothing

to do with sentence or punishment to be imposed.

That's my obligation.

You just heard me use the words beyond a

reasonable doubt.  It must come to your mind what

do we mean by reasonable doubt?  There's nothing

mysterious about these words because impliciit in

them is there own meaning.  It means exactly what

the words themselves imply.  A reasonable doubt

is a doubt based upon reason; it's a doubt for

which a juror can give a reason if he or she is

called upon to do so in the jury room.  It's a

doubt based upon the evidence or lack of evidence

in the case.  A reasonable doubt has been called

an actual doubt.  It's something which after

going over all the evidence in your mind you have

a conscious -- you are conscious of having a

doubt after going over all the testimony and

giving it all of your consideration.  If you then

feel uncertain and not fully convinced that the

defendant is guilty and if you believe a

reasonable person would hesitate to act because

of such a doubt, then that's a reasonable doubt

and the defendant is entitled to its benefit and

1

2     a verdict of not guilty with respect to the crime

3     you may be deliberating on. This doesn't mean

4     that a reasonable doubt may be predicated upon

5     some type of whim or guess or conjecture or

6     surmise on the part of a juror. Nor should it be

7     considered or used as some type of a shield

8     behind which a juror might wish to hide in order

9     doing a disagreeable duty. There's no obligation

10    on the part of the people to establish the

11    elements of a crime for which a defendant may be

12    charged beyond any or all doubt or to a

13    mathematical certainty, because you can't get

14    that degree of proof in human affairs.

15        I also call to your attention that under the

16    law a defendant is presumed to be innocent. That

17    presumption rests with him throughout this trial.

18    He's cloaked with the protection of this

19    presumption even when you go into the jury room

20    to start your deliberations. It remains with him

21    until that moment arrives when you, as jurors,

22    are convinced from the proof submitted by the

23    people that he is guilty of the crime or crimes

24    with which he's being charged beyond a reasonable

25    doubt.

1

2          When that point is reached the presumption of

3     innocence is destroyed and no longer exists.

4     This, therefore, places the burden of adducing

5     such evidence upon the people. Also, the people

6     must establish every element of the crime with

7     which the defendant is charged to your

8     satisfaction beyond a reasonable doubt.  The

9     defendant is entitled to the benefit of every

10    reasonable doubt arising out of the evidence in

11    the case, or the lack of evidence in the case.

12         A the defendant doesn't have to prove

13    anything.  He's not required to take the stand

14    and testify on his own behalf.  If he does not

15    testify that doesn't create any presumption or

16    inference that may be used against him.

17         Further, the defendant does not have to call

18    any witness.  As to those of you who may be

19    challenged by counsel for the defendant or the

20    prosecution, please be advised that the counsel

21    for the respective parties have a right to

22    challenge a prospective juror for cause, that is,

23    either counsel may be of the opinion that a

24    particular juror is not qualified for or is

25    disqualified by reason of some fact which may

effect their fairness as a trial juror.

In addition, the attorneys for the parties
have an absolute right to excuse a juror for an
arbitrary reason; that's called a peremptory
challenge. Should you be challenged by either
attorneys do not consider that as a reflection
upon your integrity, intelligence or capacity to
serve as a juror. All it means in this
particular case is they feel you would not be a
proper juror.

From time to time during the course of the
trial there will be interruptions by counsel
which are perfectly properly, as there are
matters to be discussed between counsel and Court
which shouldn't be heard by the jury.

For that reason we will have what we call
side bars. The attorneys will step up here.
You'll know we are discussing legal matters which
should not be properly discussed before the jury.
A fair trial must start with a fair jury and to
be fair you must come to this jury box without
any preconceived reservations or notions. This
examination may bring back to your minds some
experience or relationship that might affect your

fair determination of this case. A fair
determination is one based upon all of the
evidence in the case, free of bias, prejudice or
sympathy and in accordance with the applicable
law as I will give it to you.

Now, at this point before counsel and I ask
you some questions I would like to read section
260.30 of the Criminal Procedure Law so as to
familiarize you with the order of procedure in a
criminal case.

260.30 reads as follows: The order of a jury
trial is as follows:

One: The jury must be selected and sworn.

Two: The Court must deliver preliminary
instructions to the jury.

Three: The people must deliver an opening
address to the jury.

Four: The defendant may deliver an opening
address to the jury.

Five: The people must offer evidence in
support of the indictment.

Six: The defendant may offer evidence in his
defense.

Seven: The People may offer evidence in

rebuttal of the defense evidence and the

defendant may then offer evidence in rebuttal of

the People's rebuttal evidence.

The Court, in its discretion, may permit the

parties to offer further rebuttal or surrebuttal

evidence in this pattern.

In the interest of justice the Court may

permit either party to offer evidence upon

rebuttal which is not technically of a rebuttal

nature but more properly a part of the offering

party's original case.

Eight:  At the conclusion of the evidence the

defendant may deliver a summation to the jury.

And, nine:  The people may then deliver a

summation to the jury.

Ten:  The Court must deliver a charge to the

jury.

And, eleven:  The jury must then retire and,

if possible, render a verdict.

Answer the following questions candidly and

directly.  Do any of you, ladies and gentlemen,

have any reservations about being able to follow

the instructions as I've just enunciated?    I

mentioned to you the defendant in this case is

Hai Guang Zhen.  Would you stand up and face the
prospective jurors?

Do any of you, ladies and gentlemen, know the
defendant?  Have you ever seen him before or
heard of him before?  Doesn't appear that anyone
has.

Now the attorney for the defendant is
Mr. Donald Schecter.  Would you please face the
jurors?

MR. SCHECTER:  Afternoon.

THE COURT:  Do any of you know him or seen or
heard of him before?

Now, the District Attorney of Queens County
is Richard A. Brown.  I imagine many of you may
have heard of him or seen his picture in the
paper or television.  Have any of you ever had
any professional or personal or social or
business dealings at all with Mr. Brown?  Doesn't
appear that anyone has.

The Assistant District Attorney who will
actually present this case is Mr. Scott Kessler.
Mr. Kessler, would you please face the jury?

MR. KESSLER:  Afternoon.

THE COURT:  Do any of you, ladies and

```
 1
 2          gentlemen, know of him?  Ever seen or heard of
 3          Mr. Kessler before?  Doesn't appear anyone has.
 4              I'll read some name to you who may be
 5          witnesses.  Please listen to these names so when
 6          I ask you if you ever heard of them or you think
 7          you may know them you'll be able to answer.
 8              Guo Bang Liu; Jin Hao Liu; Liu Yan Wu; Jin
 9          Zhu Liu; Detective Henry Lee; detective Keith Ng;
10          Detective Steve Banks; Detective Michael Greene;
11          Chemist Tom Hickey; Police Officer, Kevin
12          Streine; Doctor John Kurtz and Detective Matt
13          Murphy?
14              Any of you every heard of or know these
15          people?  Now, I should note that the fact that
16          this action is brought in the name of the People
17          of the State of New York doesn't -- that the
18          evidence is presented by a publish official,
19          doesn't indicate in any way that the people of
20          this state want any specific verdict.
21              The people of this state are served by
22          whatever verdict is justified by the evidence.
23              Now, ladies and gentlemen, in the box, you've
24          received a questionnaire.  I would appreciate it
25          if all of you, while the other prospective jurors
```

are answering these questions, study this

questionnaire so when it comes to your turn you

will know what the questions are and you'll be

able to answer them in an expeditious manner.

The first six questions require a specific

answer.  After that it's appropriate to answer

yes or no.  We will start with you, sir.

Would you please answer those questions?

Give us the number of the question and the

answer.  We have copies of this, the attorneys

and myself, so we know what the questions are.

All you have to say is, one, and the answer to

the question in the order that they are on the

paper.

PROSPECTIVE JUROR 1:  Can I stay seated?

THE COURT:  Yes, relax.  As I tell all

jurors, there's no jury school.  Nobody knows how

to be a juror, none of us.  So, we just go along

and answer the questions and we will determine

whether you can be a fair juror.  Go ahead.

PROSPECTIVE JUROR 1:  One, 32.  Two, Kew

Gardens Hills.  Three, boilerman.  Four, married.

Five, six months of college.  Six, my wife and

children stay home.  Seven, yes.  I was on a

1

2     civil case.  Eight, I have friends in law

3     enforcement.

4          THE COURT:  Just answer yes or no.

5          PROSPECTIVE JUROR 1:  Nine, no.  Ten, no.

6     Eleven, yes.  Twelve, no.  Thirteen, no.

7     Fourteen, no.  Fifteen, no.  Sixteen, no.

8          THE COURT: Thank you.  Next.

9          PROSPECTIVE JUROR 2:  Number one, 49 years.

10    Two, Forest Hills, New York.  Three, telephone

11    operator.  Four, married, 54 years.  Six, I have

12    no adult children.  My husband is a co-owner of a

13    restaurant.  Number seven, no.  Eight, no.  Nine,

14    no.  Ten, yes.  Eleven, yes.  Twelve, no.

15    Thirteen, no.  Fourteen, no.  Fifteen, yes.

16    Sixteen, yes.

17         THE COURT:  Thank you..

18         PROSPECTIVE JUROR 3:  Number one, 32 years.

19    Two, Auburndale, New York.  Three, payroll.

20    Four, married.  Five, college graduate.  Number

21    six, spouse is a recruiting specialist.  Have no

22    children.  Seven is no.  Eight is yes.  No is

23    nine.  Ten is no.  Eleven, yes.  Twelve, no.

24    Thirteen is no.  Fourteen is no.  Fifteen, no.

25    Sixteen, yes.

MB

THE COURT:  Next, please.

PROSPECTIVE JUROR 4:  One, 21.  Two, Kew Garden Hills.  Three, accountant.  Four, no, single.  Five, college degree.  Six, no.  Seven, no.  Eight, yes.  Nine, no.  Ten, no.  Eleven, yes.  Twelve, no.  Thirteen, no.  Fourteen, no.  Fifteen, no.  Sixteen, no.

PROSPECTIVE JUROR 5:  Number one, 42.  Far Rockaway, Queens.  Three, medical assistant.  Four, married.  Five, high school.  Six, my husband works for Merrill Lynch.  My children go to school.  Number seven, no.  Number eight, yes.  Number nine, no.  Number ten, yes.  Number eleven, no.  Number twelve, no.  Thirteen, no.  Fourteen, no.  Fifteen, no.  Sixteen, yes.

PROSPECTIVE JUROR 6:  Number one, 55.  Two, Kew Gardens.  Three, administrative assistance.  Four, divorced.  Five, one year college.  Six, one son works in an office, one son is working on his PhD.  Seven, yes, I was on a jury twice.

THE COURT:  When was that and what type of case?

PROSPECTIVE JUROR 6:  Ten years ago.  One was a homicide case.  Five years ago it was

Case 1:16-cv-01166-RJD  Document 8-5  Filed 11/30/16  Page 111 of 140 PageID #: 848

possession of a weapon.

THE COURT:  Thank you.

PROSPECTIVE JUROR 6:  Number eight, yes.
Nine, yes.  Ten, no.  Eleven, yes.  Twelve, yes.
Thirteen, no.  Fourteen, no.  Fifteen, no.
Sixteen, yes.

THE COURT:  Thank you.

PROSPECTIVE JUROR 7:  I'm 53 years old.

THE COURT:  Just give us the number of the
question first.

PROSPECTIVE JUROR 7:  One, 53.  Two,
Rockaway, Queens.  Three, I'm an executive
assistance.  Four, I'm married.  Five, twelve
years of school.  Six, my husband is a car
inspector for the New York Transit Authority.
Son is a probation officer and my daughter is a
legal secretary.  Seven, no.  Eight, yes.  Nine,
no.  Ten, no.  Eleven, no.  Twelve, no.
Thirteen, no.  Fourteen, no.  Fifteen, no.
Sixteen, yes.

THE COURT:  Thank you.  Next.

PROSPECTIVE JUROR 8:  Number one, 36 years
old.  Two, Astoria, New York.  Book keeper.
Four, married.  I have four years.  Bachelor

1                    Voir Dire                    239

2         degree.  Six, store manager.  Seven, no.  Eight,

3         no.  Nine, no.  Ten, no.  Number, eleven no.

4         Number twelve, no.  Number thirteen, no.  Number

5         fourteen, no.  Number fifteen, no.  Number

6         sixteen, yes.

7              PROSPECTIVE JUROR 9:  Number one, 42.  Two,

8         Fresh Meadows.  Three, financial consultant.

9         Four, married.  Five, graduate school, MBA.

10        Number six, my wife works with a computer parts

11        company.  Children go to school.  Number seven,

12        no.  Eight, no.  Nine, no.  Number ten, no.

13        Eleven, yes.  Twelve, no.  Thirteen, no.

14        Fourteen, no.  Fifteen, no.  Sixteen, yes.

15             PROSPECTIVE JUROR 10:  Number one, 31.  Two,

16        Richmond Hill.  Three, I'm an art director for a

17        children's clothing manufacturer.  Four,

18        divorced.  Five, college graduate.  Six, no

19        spouse, no children.  Seven, yes, about five

20        years ago, criminal case.  Number eight, yes.

21        Nine, no.  Ten, no.  Eleven, yes.  Twelve, no.

22        Number thirteen, no.  Fourteen, no.  Fifteen, no.

23        Sixteen, yes.

24             THE COURT:  Thank U.

25   EXAMINATION BY

Voir Dire                                    240

MR. KESSLER:

MR. KESSLER:  Afternoon everyone.  Welcome to an American Court of law.  My name is Scott Kessler and I'm an Assistant District Attorney I work for Richard Brown who's the Assistant District Attorney of Queens County.

I'll be asking you some questions.  At any time you don't understand any of my questions just let me know and I'll rephrase it.

You were the lucky one to get your name selected first.  I'll start with you, Mr. Mentovay.  You indicated to the Judge that you work as a boiler operator?

PROSPECTIVE JUROR 1:  Yes, boiler maintenance.

MR. KESSLER:  You're married?  Any kids?

PROSPECTIVE JUROR 1:  Yes.  I have a son four years old.

MR. KESSLER:  Do you consider yourself a fair person?

PROSPECTIVE JUROR 1:  Yes, fair.

MR. KESSLER:  You had indicated that you can't be fair and impartial in this case?

PROSPECTIVE JUROR 1:  Um, my -- I have a

Voir Dire                    241

younger sister that was molested when I was

really young.  I don't know if that would have

any effect or not.

MR. KESSLER:  The question I guess is this:

People have had things happen to them in

their past lives.  Obviously no one particularly

likes to hear about rape or kidnaping.  We are

trying to find twelve jurors who are fair for the

people and fair for the defense.  Bottom line is

if I proved the defendant's guilt beyond a

reasonable doubt what would your verdict be?

PROSPECTIVE JUROR 1:  Well, if all the

evidence -- if it was convincing enough to me I

would make a fair decision.

MR. KESSLER:  Let's suppose you decided I've

convinced you beyond a reasonable doubt that the

defendant is guilty, what is your verdict?

PROSPECTIVE JUROR 1:  Beyond a reasonable

doubt that he's guilty, then he'd be guilty then.

MR. KESSLER:  If I fail to prove his guilt

beyond a reasonable doubt?

PROSPECTIVE JUROR:  Then he's not.

MR. KESSLER:  Okay.  Do you think you could

do that?

1

2      PROSPECTIVE JUROR:  Yeah.

3      MR. KESSLER:  Now, you mentioned about your

4   sister who had been -- or someone you said had

5   had a contact with sexual abuse of some kind?

6      PROSPECTIVE JUROR 1:  Right.

7      MR. KESSLER:  I guess the concern we have is,

8   can you put that aside and decide this case

9   fairly and impartially based on the evidence you

10   hear?

11      PROSPECTIVE JUROR:  Yes.  It was a long time

12   ago.

13      MR. KESSLER:  Okay.  Mr. Ng, how are you?

14      PROSPECTIVE JUROR 4:   Fine.

15      MR. KESSLER:  You're an accountant?

16      PROSPECTIVE JUROR 4:   Yes.

17      MR. KESSLER:  You have a college degree?

18      PROSPECTIVE JUROR:  Uh-hum.

19      MR. KESSLER:  And you consider yourself a

20   fair person?

21      PROSPECTIVE JUROR 4:   I think so, yes.

22      MR. KESSLER:  Good common sense?

23      PROSPECTIVE JUROR:  Yes.

24      MR. KESSLER:  One of the things we need is a

25   verbal response.  What about at the end of this

MB

case I prove the defendant's guilt beyond a

reasonable doubt, what's your verdict?

PROSPECTIVE JUROR 4:   Guilty.

MR. KESSLER:  If I fail to prove his guilt

beyond a reasonable doubt?

PROSPECTIVE JUROR 4:   Not guilty.

MR. KESSLER:  Okay.  So will you decide this

case on the facts as you hear it in the

courtroom?

PROSPECTIVE JUROR 4:   Yes.

MR. KESSLER:  You indicated you couldn't be

fair and impartial to question sixteen?

PROSPECTIVE JUROR 4:   I don't know if I can

be fair or impartial.  I've never been a juror so

it's hard for me to say if I can or not.

MR. KESSLER:  There's no jury school.  You

didn't go anywhere before coming into this

courtroom.  Only thing you need to be a juror is

to bring your common sense and decide this case

fairly for both sides.

If I prove his guilt can you stand up and say

guilty?  If I fail to prove his guilt, stand up

and say not guilty?  Now, let's go back to

question number sixteen.  Can you be fair and

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 117 of 140 PageID #: 854

```
1                          Voir Dire                    244

2          impartial on this case knowing that?

3               PROSPECTIVE JUROR 4:   Yes.

4               MR. KESSLER:  Miss Mejias, how are you?

5               PROSPECTIVE JUROR 5:   Good.

6               MR. KESSLER:  You answered one of the

7          questions you knew someone who had been accused

8          of a crime?

9               PROSPECTIVE JUROR 5:   Yes.

10              MR. KESSLER:  Want to talk about it in public

11         or private?

12              PROSPECTIVE JUROR 5:   Side bar.

13              MR. KESSLER:  Sure.

14              THE COURT:  Step up.

15              (Discussion held at bench off the record)

16              MR. KESSLER:  Mr. Hs, how are you?

17              PROSPECTIVE JUROR 9:   Good.

18              MR. KESSLER:  How is financial consulting?

19              PROSPECTIVE JUROR 9:   Yeah, you know, in this

20         life it's not easy.

21              MR. KESSLER:  Tough times?

22              PROSPECTIVE JUROR:   Yes.

23              MR. KESSLER:  You're doing that type of work

24         for how long?

25              PROSPECTIVE JUROR 9:   Ten years.
```

MB

MR. KESSLER:  Do you have a degree in accounting or any background like that?

PROSPECTIVE JUROR 9:  RUTC --

MR. KESSLER:  Unfortunately the Court Reporter has to hear you.  You have a degree in insurance?

PROSPECTIVE JUROR:  It's like a title, like a specialty.  You have to take like two year other course and get and pass this test and get this title.

MR. KESSLER:  Have you ever served on a jury before?

PROSPECTIVE JUROR:  No.

MR. KESSLER:  Have you ever seen a trial before?

PROSPECTIVE JUROR:  No.

MR. KESSLER:  What about on T.V.?

PROSPECTIVE JUROR:  Yeah part of.

MR. KESSLER:  Do you think can be fair and impartial to both sides?

PROSPECTIVE JUROR:  Yes, I think so.

MR. KESSLER:  What do you think it means to be fair and impartial to both sides being a juror on a case like this?

PROSPECTIVE JUROR:  I think each side have to

enough like evidence and to prove the other party

is guilty or innocent. (sic)

MR. KESSLER:  If I prove the defendant's

guilt based upon the evidence you hear what's

your verdict?

PROSPECTIVE JUROR:  If you can prove enough

evidence and my choice will be guilty.

MR. KESSLER:  Let's talk about enough

evidence.  Suppose, Mr. Hsu, I put a witness on

the stand and you believe that witness to be

truthful and credible and I prove everything I

have to through that witness beyond a reasonable

doubt, do you have any problem walking into a

courtroom and finding somebody guilty based

solely on the word of one witness?

PROSPECTIVE JUROR 9:  Big problem because I

can't quite understand the last part.  Repeat.

MR. KESSLER:  Sure.  Suppose a witness comes

into this courtroom and testifies and you believe

that witness to be truthful and credible about

the events that took place in that witness''s

life.  And through that witness I prove

everything I have to, the defendant's guilt

MB

beyond a reasonable doubt, can you convict the

defendant based solely on the testimony of one

witness or do you need more evidence?

PROSPECTIVE JUROR 9:  Probably I need both

sides as evidence and combine together.

MR. KESSLER:  What do you mean by evidence?

PROSPECTIVE JUROR:  It's any -- the right --

don't like facts of some evidence.  Can really

believe whether the witness is true because

humans make mistakes. (sic)

MR. KESSLER:  Do you agree with that?

PROSPECTIVE JUROR 10:  Didn't understand

that.

MR. KESSLER:  The question

Is:  If I put a witness on the stand and you

believe that witness to be truthful and honest

and credible and I prove everything that I have

to in this case, do you have any problem

convicting the defendant solely on the testimony

of that one witness?

PROSPECTIVE JUROR 10:  Yes.

MR. KESSLER:  Why is that?

PROSPECTIVE JUROR:  People lie.  I need to

hear more than one person corroborate the story.

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 121 of 140 PageID #: 858

MR. KESSLER:  Let's talk about rape.  Do you think rapes are committed in front of a lot of people?

PROSPECTIVE JUROR:  No.

MR. KESSLER:  Sometimes robberies aren't either.

PROSPECTIVE JUROR:  Yes.

MR. KESSLER:  For example, if you're walking down a street, a person steals your bag and points a gun, the next day you see that person, would you call the police?

PROSPECTIVE JUROR:  Yes.

MR. KESSLER:  Would you expect the police to arrest him?

PROSPECTIVE JUROR:  Yes.

MR. KESSLER:  Would you expect my office to prosecute the case?

PROSPECTIVE JUROR:  Yes.

MR. KESSLER:  You'd be the only witness on that case, wouldn't you?

PROSPECTIVE JUROR:  Uh-hum.

MR. KESSLER:  Do you have any problem with a jury convicting based upon your word, you would want them to do that?

PROSPECTIVE JUROR:  Yes, I would.

MR. KESSLER:  So, how about the reverse now for you.  Do you have any problem if a woman comes in here and tells you I was raped and you believe that woman and I was kidnaped, do you have any problem convicting on her word alone?

PROSPECTIVE JUROR:  I think I would still need to have some other evidence.  I guess it would depend on what the case was and what I heard from listening to the case and the credibility of the person on the stand.

MR. KESSLER:  Only thing I could tell you -- I can't tell you what she's going to say.  At the end of case you believe her to be truthful and credible, can you convict based upon her word alone?

THE COURT:  If you believe the witness and through that witness he proves everything that he's required to prove, would you be able to convicted based upon that testimony?

PROSPECTIVE JUROR 10:  Yes.

MR. KESSLER:  That's all.  It's no special -- in fact, that's the law.  The law doesn't require to put more than one witness.  Some people say I

1        Voir Dire                           250

2        need additional proof other than one witness.

3            My question is, if you were that kind of

4        person or can you convict on one person?

5            PROSPECTIVE JUROR 10:  Yes.

6            MR. KESSLER:  How about you, Mr. Gerke,

7        understand my point?

8            PROSPECTIVE JUROR 3:  To convict based on

9        one?  I always thought a trial you had to hear

10       every witness -- here every witness and see every

11       exhibit of evidence to make a proper verdict.

12           THE COURT:  He's asking you a hypothetical

13       question.

14           MR. KESSLER:  My question simply is if you're

15       chosen as a juror and only one witness testifies

16       in this case, you believe that witness to be

17       truthful and credible, can you convict based

18       solely on that testimony alone or are you the

19       type of person that needs additional evidence or

20       people?

21           PROSPECTIVE JUROR 3:  Say if you only had the

22       one witness, it was credible, I guess I'd say,

23       yes.

24           MR. KESSLER:  Does that seem fair to you,

25       Mr. Ng?

MB

1

2          PROSPECTIVE JUROR 4:    Yes.

3          MR. KESSLER:  How about you?

4          PROSPECTIVE JUROR 5:  Yes.

5          MR. KESSLER:  Do you agree rapes aren't

6     committed in front of a lot of people?

7          PROSPECTIVE JUROR 5:  Yes.

8          MR. KESSLER:  Do you have a problem

9     convicting on one witness if you believe that

10    witness?

11         PROSPECTIVE JUROR 5:  No.

12         MR. KESSLER:  I'm saying the witness comes in

13    and it's some kind of drunken bum and you can't

14    believe, obviously, I'm not saying you should

15    convict based on that witness.  You have to look

16    at that witness and determine whether they are

17    truthful.

18         PROSPECTIVE JUROR 5:  No problem.

19         MR. KESSLER:  Miss Sullivan, how about you?

20         PROSPECTIVE JUROR 6:  Yes, I can convict.

21         MR. KESSLER:  You have to look at the person

22    and see what they have to say and listen to what

23    they have to say.  But understand, Miss Sullivan,

24    there's people out there who say, for some

25    reason, religious, maybe it's philosophical, and

MB

Voir Dire                                    252

1
2        say I need more than one witness, there's nothing
3        wrong with it.  But that's not the law.  I need
4        to know if you can follow the law and if I prove
5        the defendant's guilt through one witness whether
6        you can return a verdict of guilty and I proved
7        it beyond a reasonable doubt?
8               PROSPECTIVE JUROR 6:  Yes.
9               MR. KESSLER:  Miss Kutney?
10              PROSPECTIVE JUROR 7:  Yes.
11              MR. KESSLER:  How about you any problem?
12              PROSPECTIVE JUROR 7:   No.
13              MR. KESSLER:  And Miss Pusung?
14              PROSPECTIVE JUROR 8:  No problem.
15              MR. KESSLER:  Great.  Miss Benton, I want to
16       ask you about art directing for children's
17       clothing.  You direct the type of art work that's
18       on the clothing?
19              PROSPECTIVE JUROR 10:  I work for Looney
20       Tunes and I direct the other artists how to place
21       the art work.
22              MR. KESSLER:  Enjoy your work?
23              PROSPECTIVE JUROR:  Yes.
24              MR. KESSLER:  Spare time?
25              PROSPECTIVE JUROR:  I don't have very much

2    spare time.

3         MR. KESSLER:  Mr. Hsu, I'm going back to you

4    now.  I've been talking to other juror members.

5    Do you still have that problem with one witness?

6         PROSPECTIVE JUROR 9:  If you only have one,

7    like you just mentioned, we can listen to what he

8    say and what evidence we got and we make some

9    decision.

10        MR. KESSLER:  Great.  Mr. Hsu, the Judge told

11   you about beyond a reasonable doubt, that's the

12   burden of proof, did you listen when he was

13   talking about that?

14        PROSPECTIVE JUROR 9:  Yes.

15        MR. KESSLER:  Understand that sometimes in

16   accounting and financial consultants everything

17   has to be exact.  In this case the burden of

18   proof is not to a hundred percent certainty but

19   beyond a reasonable doubt; do you understand

20   that?

21        PROSPECTIVE JUROR:  Understand.

22        MR. KESSLER:  So, if at the end of this case

23   you're not a hundred percent sure but you're sure

24   beyond a reasonable doubt, what's your verdict?

25        PROSPECTIVE JUROR 9:  I would base on my life

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 127 of 140 PageID #: 864

1

2   experience, my working experience and my

3   education to make my decision.

4        MR. KESSLER:  How are you?

5        PROSPECTIVE JUROR 2:  Fine.

6        MR. KESSLER:  You indicated you knew someone

7   who was accused of a crime?

8        PROSPECTIVE JUROR 2:  Yes.

9        MR. KESSLER:  Would you prefer to talk here

10  or talk in private?

11       PROSPECTIVE JUROR 2:  Side bar.

12       THE COURT:  Step up.

13       (Discussion held at bench off the record)

14  had.

15       MR. KESSLER:  Miss Kutney, executive

16  assistant, what type of work?

17       PROSPECTIVE JUROR 7:   Finance department.

18       MR. KESSLER:  How long have you been doing

19  that?

20       PROSPECTIVE JUROR:  Ten years.

21       MR. KESSLER:  What did you do before that?

22       PROSPECTIVE JUROR:  I was an administrative

23  assistant at Madison Square Garden.

24       MR. KESSLER:  How long did you do that?

25       PROSPECTIVE JUROR 7:   Two years.  I

1                    Voir Dire                    255

2       transferred from Paramount.

3           MR. KESSLER:  Miss Sullivan, you were also an

4       administrative assistant?

5           PROSPECTIVE JUROR 6:  It's a financial

6       services group.

7           MR. KESSLER:  How long have you been dong

8       that type of work?

9           PROSPECTIVE JUROR 6:  Five years.

10          MR. KESSLER:  Any work before that?

11          PROSPECTIVE JUROR:  Yes.  I was

12      administrative assistant in the British importing

13      company.

14          MR. KESSLER:  How long did you work there?

15          PROSPECTIVE JUROR:  Five years.

16          MR. KESSLER:  Any reason why you can't be

17      fair and impartial in this case?

18          PROSPECTIVE JUROR 6:  No.

19          MR. KESSLER:  A little hesitation, nervous of

20      the charges involved here?

21          PROSPECTIVE JUROR 6:  Yeah.

22          MR. KESSLER:  Who wouldn't be, right?

23      Obviously we are not looking for you to say to

24      yourself rape or kidnaping doesn't effect me at

25      all.  My question is:

1

2          Can you give both the people and the

3      defendant a fair trial and decide this case on

4      the facts?

5          THE COURT:   You were a previous juror on a

6      homicide case?

7          PROSPECTIVE JUROR 6:   Yes.

8          MR. KESSLER:   Anything about being on a jury

9      before that would cause you to believe it was a

10     bad experience, I could never do it again?

11         PROSPECTIVE JUROR 6:   It wasn't enjoyable.

12         MR. KESSLER:   But you managed through it?

13         PROSPECTIVE JUROR 6:   (No response)

14         MR. KESSLER:   Thanks.   I think I have spoken

15     to everyone.   I would just ask everyone here if

16     they are chosen as the last jurors in this

17     case -- by the way, twelve jurors' vote counts as

18     much as anybody else's.   Right now we have eleven

19     jurors.   If you are chosen as a juror, that you

20     be fair and impartial to both the People of the

21     State of New York and the defendant.   That means

22     if I prove the defendant's guilt beyond a

23     reasonable doubt can everyone assure me they can

24     return a verdict of guilty?   And if I fail to

25     prove his guilt beyond a reasonable doubt can you

1
2    assure me to return a verdict of not guilty?

3    That's all I ask.  Base your decision not on

4    sympathy toward anyone or prejudice against

5    anyone.  Decide it on the facts and make your

6    determination based upon the facts alone.

7         Okay.  Seem fair to everyone?  Thanks very

8    much.  Thank you, your Honor.

9         THE COURT:  Mr. Schecter, your turn.

10   EXAMINATION BY

11   MR. SCHECTER:

12        MR. SCHECTER:  Afternoon everyone.  My name

13   is Donald Schecter and I represent Mr. Zheng

14   who's accused of these crimes.

15        Now, first let me ask each and every one of

16   you.  The Judge read to you, or he didn't read to

17   you, he said that Mr. Zheng has been indicted by

18   a grand jury of Queens County.  Anyone ever sat

19   on a grand jury here?  Anyone feel because he's

20   accused of these, crimes, that's all they are is

21   accusations, that he must have done something

22   wrong?

23        Anyone feel that the type of crimes we are

24   dealing with -- we heard allegations of

25   kidnaping, rape, sexual abuse -- anyone feel that

1

2     in and of itself makes them feel they could not

3     give Mr. Zheng a fair trial?

4          Miss Sullivan, you said when you were

5     mentioning about the type of crime that we are

6     dealing here with, I have to assume that some

7     woman is going to take the stand and say that my

8     client did something to her of a sexual nature.

9          Because of that fact, and that fact alone,

10    would you feel to tend to side with the woman and

11    give her more credibility because of that, the

12    nature and the type of crime?

13         PROSPECTIVE JUROR 6:  No.  I would listen to

14    whatever she had to say.

15         MR. SCHECTER:  And you'd be fair and

16    impartial?

17         PROSPECTIVE JUROR 6:  I hope so.

18         MR. SCHECTER:  You would listen to the

19    evidence or lack of evidence and make your

20    determination based on that?

21         PROSPECTIVE JUROR 6:  Yes.

22         MR. SCHECTER:  Anyone feel that because of

23    the type of crime -- Miss Benton, do you feel

24    that you would side more with the woman if she

25    came in here and said my client did something to

Case 1:16-cv-01166-RJD   Document 8-5   Filed 11/30/16   Page 132 of 140 PageID #: 869

1
2    her?

3        PROSPECTIVE JUROR 10:  No.

4        MR. SCHECTER:  What about you?

5        PROSPECTIVE JUROR 8:  No.

6        MR. SCHECTER:  Now, the Judge was telling you

7    a little bit about burden of proof, beyond a

8    reasonable doubt.  We, the defense, don't have

9    any burden whatsoever.  The burden is always on

10   the prosecution.  And, as such, the prosecution

11   has to prove my client's guilt beyond a

12   reasonable doubt.  And that's why your verdict

13   will be guilty or not guilty, not guilty or

14   innocent because we don't have to prove him

15   innocent.  They have to prove him guilty.

16       Anyone have a problem with that concept?  And

17   going with that, we don't have to call any

18   witnesses, nothing says that Mr. Zheng has to

19   take the witness stand on this case.  And the

20   Judge will instruct you at the end, and he told

21   you you can't hold it against him.

22       Mr. Hsu, okay, you said you would listen to

23   everything and you would want to hear both sides,

24   if I'm not mistaken?

25       PROSPECTIVE JUROR:  Yes.

MR. SCHECTER:  Now, in the criminal justice system there's no burden on my client to take the witness stand or call any witnesses.  So you may only hear one side.  Would that affect your deliberations?

PROSPECTIVE JUROR 9:  I think the defense attorney will tell something.

MR. SCHECTER:  Excuse me?

PROSPECTIVE JUROR:  You are defense attorney, you will tell us something.

MR. SCHECTER:  If we don't call any witnesses will you hold it against my client if he doesn't take the stand?

PROSPECTIVE JUROR:  Like I just mentioned, the defense attorney will have some argument and always have some explanation like his client.

MR. SCHECTER:  I don't need any explanation for him not taking the witness stand.  Will you hold it against him if he doesn't take the stand? Nothing what I do or my examination of any of the witnesses -- I'm asking you, if we don't call any witness or if he doesn't take the stand would you hold that against him?

PROSPECTIVE JUROR:  I think I will take like

1

2    witness what he says. (sic)

3        MR. SCHECTER:  I'm not talking about the

4    witnesses that testify.  I'm talking about if we

5    don't call any witnesses, and I don't know

6    whether or not he will take the stand or not,

7    will you hold it against him?

8        PROSPECTIVE JUROR:  Yes.

9        MR. SCHECTER:  Thank you.  Miss Kutney, will

10    you hold that against him if he doesn't take the

11    witness stand?

12        PROSPECTIVE JUROR 7:  Yes.

13        MR. SCHECTER:  Miss Sullivan?

14        PROSPECTIVE JUROR 6:  No.

15        MR. SCHECTER:  Mr. Gerke?

16        PROSPECTIVE JUROR 3:  No.

17        MR. SCHECTER:  Miss Kilgore?

18        PROSPECTIVE JUROR 2:  No.

19        MR. SCHECTER:  Miss Pusung?

20        PROSPECTIVE JUROR 8:  No.

21        MR. SCHECTER:  Mr. Mentovay?

22        PROSPECTIVE JUROR 1:  Yes.

23        MR. SCHECTER:  You said there was an incident

24    with your sister?

25        PROSPECTIVE JUROR 1:  Uh-hum.

```
 1                        Voir Dire                   262

 2            MR. SCHECTER:  Now, a witness is going to

 3       take this witness stand and say certain

 4       allegations against my client.

 5            Would you side with that witness if she

 6       alleges that my client raped her because of what

 7       happened to your sister?

 8            PROSPECTIVE JUROR 1:  No.

 9            MR. SCHECTER:  You said that you could not be

10       fair and impartial at one time?

11            PROSPECTIVE JUROR 1:   I didn't really think

12       about the question then.

13            MR. SCHECTER:  Now that you've thought about

14       it can you be fair and impartial?

15            PROSPECTIVE JUROR 1:  Yes.

16            MR. SCHECTER:  No matter what happened to

17       your sister that will not affect your

18       deliberations?

19            PROSPECTIVE JUROR 1:  No.

20            MR. SCHECTER:  And if my client doesn't take

21       the stand you won't hold it against him?

22            PROSPECTIVE JUROR 1:  No.

23            MR. SCHECTER:  You said you have some friends

24       or relatives who are police officers?

25            PROSPECTIVE JUROR 1:  Yes, I have a friend of
```

MB

1

2    mine who is -- he's a state trooper.

3        MR. SCHECTER:  Does he ever discuss with you

4    his work?

5        PROSPECTIVE JUROR 1:   No.

6        MR. SCHECTER:  That won't effect you one way

7    or the other?

8        PROSPECTIVE JUROR:  No.

9        MR. SCHECTER:  Besides the matter with your

10   sister, have you been the victim of a crime or

11   relatives, anyone else?

12       PROSPECTIVE JUROR 1:  No.

13       MR. SCHECTER:  Anything about what's been

14   said up to now give you any problems?

15       PROSPECTIVE JUROR 1:  No.

16       MR. SCHECTER:  Miss Kilgore, you said you

17   were the victim of a crime, what type of crime?

18       PROSPECTIVE JUROR 2:  I guess it wasn't a

19   crime.

20       MR. SCHECTER:  Okay.  Anything that's been

21   said up to now, do you have any problems with any

22   of the concepts that's been said?

23       PROSPECTIVE JUROR 2:  No, I do not.

24       MR. SCHECTER:  Has anyone here ever testified

25   in Court?  Miss Mejias, in that matter we

Case 1:16-cv-01106-RJD   Document 6-5   Filed 11/29/16   Page 137 of 140 PageID #: 874

1

2      discussed?

3          PROSPECTIVE JUROR 5:   Yes.

4          MR. SCHECTER:   Anyone here -- everyone watch

5      will watch certain programs that have attorneys

6      on them with the actors and actresses?   But

7      that's not realistic.   Anyone watch Court T.V.?

8      And that would be when they show the trials that

9      would be more realistic.   Anything about that

10     that would make you feel uncomfortable about

11     sitting on a jury.

12         PROSPECTIVE JUROR 5:   No.

13         MR. SCHECTER:   Mr. Ng, originally said you

14     couldn't be fair and impartial?

15         PROSPECTIVE JUROR 4:   Yes.

16         MR. SCHECTER:   And then after a while you

17     said you could.   Now that you've thought about it

18     anything about the type of crime we are dealing

19     with make you feel uncomfortable about sitting on

20     a jury?

21         PROSPECTIVE JUROR 4:   No.

22         MR. SCHECTER:   If the people -- if Mr. Zheng

23     doesn't take the witness stand or doesn't call

24     any witnesses would you hold that against him?

25         PROSPECTIVE JUROR 4:   I don't think so, no.

1                           Voir Dire                    265

2          MR. SCHECTER:  Based on whatever testimony

3     you hear or don't hear, do you have any

4     problem -- if you think the People's proof is

5     deficient, have a reasonable doubt, will you find

6     the defendant not guilty?

7          PROSPECTIVE JUROR:  Repeat that?

8          MR. SCHECTER:  You listen to the entire

9     testimony, the Judge charges you on the law.  At

10    the end of the entire case you say you have a

11    reasonable doubt even though my client didn't

12    take the stand and we didn't call any witnesses,

13    would you have any problem standing up and saying

14    not guilty if you had a reasonable doubt?

15         PROSPECTIVE JUROR:  No.

16         MR. SCHECTER:  You said you were the victim

17    of a crime?

18         PROSPECTIVE JUROR 4:  Yes.

19         MR. SCHECTER:  What type of crime?

20         PROSPECTIVE JUROR:  Burglary.  Burglary.

21         MR. SCHECTER:  You won't hold it against my

22    client, will you?

23         PROSPECTIVE JUROR 4:   No.

24         MR. SCHECTER:  Anyone ever arrested on that?

25         PROSPECTIVE JUROR 4:   No.

MR. SCHECTER:  You said you have friends who are police officers?

PROSPECTIVE JUROR 4:  Uh-hum.

MR. SCHECTER:  Do they ever discuss with you their work?

PROSPECTIVE JUROR 4:  No.

MR. SCHECTER:  Miss Sullivan, I believe you said to question number twelve, have you ever been employed by a lawyer or law enforcement agency and you said yes?

PROSPECTIVE JUROR 6:  I worked for a lawyer once.

MR. SCHECTER:  Did he do criminal law?

PROSPECTIVE JUROR 6:  No, mostly real estate.

MR. SCHECTER:  That won't have any effect on you?

PROSPECTIVE JUROR 6:  No.

MR. SCHECTER:  You also have friends, relatives in law enforcement?

PROSPECTIVE JUROR 6:  Yes.  I have couple of cousins that are police officers and I have a cousin that's a probation officer.

MR. SCHECTER:  Do they ever discuss their work with you?

```
1                        Voir Dire                    267

2               PROSPECTIVE JUROR 6:   No.

3               MR. SCHECTER:  Would that have any effect on

4         your deliberations here?

5               PROSPECTIVE JUROR 6:   No.

6               MR. SCHECTER:  And you've been the victim of

7         a crime; what type of crime?

8               PROSPECTIVE JUROR 6:  Not me.  My son was

9         mugged, my grandmother was mugged.

10              MR. SCHECTER:  Would that affect your

11        deliberations?

12              PROSPECTIVE JUROR 6:  No.

13              MR. SCHECTER:  Miss Kutney, anything what I

14        said up to now you have a problem with?

15              PROSPECTIVE JUROR 7:   No.

16              MR. SCHECTER:  Your -- I believe either one

17        or two sons or daughter --

18              PROSPECTIVE JUROR:  My son.

19              MR. SCHECTER:  Are probation officers?

20              PROSPECTIVE JUROR:  My son and

21        daughter-in-law.

22              MR. SCHECTER:  Do they discuss with you their

23        work?

24              PROSPECTIVE JUROR 7:   Not really.

25              MR. SCHECTER:  Anything about what they have
```